UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03 CV 12298 WGY

ERMANN SULLY,

    Plaintiff

v.

FABIANO ESTRELA, STEPHEN MORSE and TOWN OF RANDOLPH,

    Defendants

ANSWER OF DEFENDANTS FABIANO ESTRELLA, STEPHEN MORSE and TOWN OF RANDOLPH

PRELIMINARY STATEMENT

To the extent the allegations set forth in the "Preliminary Statement" require a response, the same are denied by the defendants.

PARTIES

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2. Defendant Estrella denies that he maintains a "business address" in the Town of Randolph, but admits that the address of the Randolph Police Department is that set forth in Paragraph 2. The defendant denies that there exists a basis for an individual capacity claim against him. The remaining allegations set forth in Paragraph 2 are denied.

3. Defendant Morse denies that he maintains a "business address" in the Town of Randolph, but admits that the address of the Randolph Police Department is that set forth in Paragraph 2. The defendant denies that there exists a basis for an individual capacity claim against him. The remaining allegations set forth in Paragraph 3 are denied.

## COUNT IV
(Malicious Prosecution)

### Sully v. Estrella

37. Defendant Estrella restates and incorporates by reference his responses to Paragraphs 1-36.

38. Denied.

39. Admitted.

40. Denied.

## COUNT V
(Abuse of Process)

### Sully v. Estrella

41. Defendant Estrella restates and incorporates by reference his responses to Paragraphs 1-40.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT VI
(Assault and Battery)

### Sully v. Estrella

46. Defendant Estrella restates and incorporates by reference his responses to Paragraphs 1-45.

47. Denied.

5

## COUNT X
(False Imprisonment)

### Sully v. Morse

59. Defendant Morse restates and incorporates by reference his responses to Paragraphs 1-58.

60. Denied.

## COUNT XI
(Malicious Prosecution)

### Sully v. Morse

61. Defendant Morse restates and incorporates by reference his responses to Paragraphs 1-60.

62. Denied.

63. Admitted.

64. Denied.

## COUNT XII
(Abuse of Process)

### Sully v. Morse

65. Defendant Morse restates and incorporates by reference his responses to Paragraphs 1-64.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## COUNT XIII
(Infliction of Emotional Distress)

### Sully v. Morse

70. Defendant Morse restates and incorporates by reference his responses to Paragraphs 1-69.

71. Denied.

72. Denied.

## COUNT IV
(Massachusetts Tort Claims Act, Mass. Gen Laws ch. 258)

### Sully v. Town of Randolph

73. Defendant Town of Randolph restates and incorporates by reference its responses to Paragraphs 1-72.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. The allegations set forth in Paragraph 78 comprise contentions as to matters of law not requiring a response by the defendants.

79. Admitted.

80. The allegations set forth in Paragraph 80 comprise contentions as to matters of law not requiring a response by the defendants.

## DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because he has failed to allege that the defendants conduct deprived him of a federal constitutional right.

8

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because he has failed to allege that the defendants owe him a constitutional duty or that the defendants breached that constitutional duty.

## THIRD DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were undertaken in the good faith performance of their official duties without malice and were therefore privileged under applicable law.

## FOURTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which the defendants were aware, and they enjoy a qualified immunity from all liability arising therefrom.

## FIFTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware and they are therefore entitled to qualified immunity.

## SIXTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against the defendants.

## SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

The Complaint should be dismissed for failure to comply with the statute of limitations.

### SEVENTEENTH DEFENSE

Plaintiff's Complaint, insofar as it alleges negligence, is subject to dismissal for failure to comply with the notice presentment provisions of G.L. c. 258, §4.

### EIGHTEENTH DEFENSE

At the time alleged in the Complaint, the defendants were engaged as a public entity or public employees, and therefore the plaintiff's recovery is barred or limited in accordance with G.L. c. 258 and the doctrine of sovereign immunity.

### NINETEENTH DEFENSE

The defendants say that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, and, therefore, the plaintiff cannot recover in this action.

### TWENTIETH DEFENSE

The plaintiff is precluded from any recovery as the negligence of the plaintiff was greater than the defendants' alleged negligence and plaintiff cannot recover pursuant to G.L. c. 231, §85.

### TWENTY-FIRST DEFENSE

If defendants were negligent, which is denied, and the negligence of defendants exceeded the negligence of the plaintiff, which is denied, then the damages assessable against defendants should be reduced by the percentage of negligence attributable to plaintiff.

### TWENTY-SECOND DEFENSE

If the plaintiff sustained damages as alleged in the Complaint, they were caused by acts of a third person or persons, which acts the defendants had no reason to anticipate and of which person or persons the defendants had no knowledge, and over whom they had no control.

### TWENTY-THIRD DEFENSE

If the plaintiff suffered any damages as alleged, such damages were caused by the intervening act or acts or omissions of parties other than the defendants, and said act or acts or