UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 03-12298-WGY

| | |
|---|---|
| ERMANN SULLY,<br>　　　　　　　　Plaintiff<br><br>v.<br><br>FABIANO ESTRELA, STEPHEN MORSE,<br>and TOWN OF RANDOLPH,<br>　　　　　　　　Defendants. | **AMENDED COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

## PRELIMINARY STATEMENT

This is an action of a civil nature to seek redress under the United States Constitution, the Massachusetts Declaration of Rights and the Massachusetts Tort Claims Act, MASS. GEN. LAWS ch. 258. The Plaintiff seeks compensatory damages from the Defendants for violations of his civil rights guaranteed and protected under the United States Constitution and the Massachusetts Declaration of Rights, assault and battery, negligence, false imprisonment, malicious prosecution, abuse of process and negligent infliction of emotional distress, all arising out of the unconstitutional, wrongful and unlawful conduct of the Defendants, Fabiano Estrela and Stephen Morse. This action is brought pursuant to: 42 USC. 1983, 1988; MASS. GEN. LAWS ch. 12, §11I; and the Massachusetts Tort Claims Act, MASS. GEN. LAWS ch. 258.

## PARTIES

1. The Plaintiff, Ermann Sully ("Sully"), is a resident of 1 Putnam Gardens, Apartment 1, Cambridge, Middlesex County, Massachusetts.

2. The Defendant, Fabiano Estrela a/k/a Fabiano Estrella ("Estrela"), is a Randolph police officer whose business address is 41A South Main Street, Randolph, Norfolk County,

1

   Commonwealth of Massachusetts.  Estrela is being sued in both his individual as well as his official capacity as a Town of Randolph police officer.

3. The Defendant, Stephen Morse ("Morse"), is a Randolph police officer whose business address is 41A South Main Street, Randolph, Norfolk County, Commonwealth of Massachusetts.  Morse is being sued in both his individual as well as his official capacity as a Town of Randolph police officer.

4. The Defendant, Town of Randolph, is a "public employer" within the meaning of the Massachusetts Tort Claims Act, MASS. GEN. LAWS ch. 258.

## STATEMENT OF FACTS

5. At all times relevant to the events set forth hereafter, Estrela was employed by the Town of Randolph as a police officer.

6. At all times relevant to the events set forth hereafter, Morse was employed by the Town of Randolph as a police officer.

7. On April 20, 2001, at approximately 11:30 p.m., Sully was a patron of the Copa Grande Nightclub ("Copa") in Randolph.

8. At that date and time, Sully was speaking with Rose Etienne ("Etienne") another patron of the Copa.

9. A security bouncer, Scott Seto ("Seto") pushed into Etienne and rudely yelled at her to move while pushing her into Sully.  Seto told Sully to leave the bar after Sully told Seto that he did not have to push Etienne.

10. As Sully was being pushed towards the door by Seto, Bony Alexis ("Alexis"), another security bouncer at the Copa asked Sully what was going on to which Sully replied that nothing was happening.  Sully requested that Alexis remove his hands from Sully.

11. At that point, Officer Estrela appeared out of nowhere and grabbed Sully and pushed him outside.  Officer Estrela pushed and banged Sully against a brick wall and kicked Sully until he was on his knees.  Officer Estrela then further pushed Sully down with his knee.  At one point Officer Estrela was choking Sully against the brick wall.  At no time, did Sully resist Officer Estrela.

12. Officer Estrela told Sully that he would make Sully's life miserable if he were to say anything as he continued to assault, batter and handcuff him.

13. A police cruiser arrived at which time Officer Estrela took Sully to the cruiser and banged his head against the doorframe as he put Sully in the vehicle.  While Sully was in the cruiser, Officer Estrela kicked Sully with his knee several times.

14. Sully was taken to the Randolph Police Station and booked for Assault and Battery and Assault and Battery with a Dangerous Weapon, a shod foot, on Alexis.

15. Approximately three hours later, Sully was released after the magistrate's fee was paid.  Etienne drove Sully back to the Copa parking lot to retrieve his car.

16. Upon approaching the parking lot, Sully noticed a police cruiser parked nearby.  Sully entered his vehicle and exited the parking lot of the Copa.

17. Approximately ten seconds after leaving the parking lot, Sully was pulled over by Officer Morse who was operating the police cruiser Sully saw just before entering the parking lot of the Copa.

18. Officer Morse had received a radio dispatch informing him that Sully was being released from jail as a result of an arrest earlier that night and that Sully may retrieve his vehicle from the Copa parking lot.  Officer Morse was further informed from dispatch that Sully would be unable to drive due to his intoxication.

19. The Randolph Police Department arranged for Sully to be arrested for a second time for the purposes of harassment, embarrassment and humiliation and to deprive him of his liberty under the color of law.

20. Officer Morse pulled over Sully and requested Sully perform three field sobriety tests. Sully performed and passed each test, however Officer Morse placed Sully under arrest and charged him with Operating Under the Influence and Operating to Endanger.

21. Sully was again transported to the Randolph Police Station. Sully was transported in the K-9 Unit vehicle.

22. At some point following his release from jail the second time, Sully visited the Emergency Department at Brigham and Women's Hospital for treatment of the injuries sustained as a result of Officer Estrela's abusive conduct. Sully was diagnosed with cervical and lumbar strain status post assault. Sully was advised to stay out of work for a few days. Sully sought additional medical treatment including psychiatric care following the incident as a result of sleep problems, irritability, and anxiety.

23. On July 13, 2001, Sully was scheduled for trial on all charges brought against him for the events of April 21, 2001.

24. The Assistant District Attorney offered Sully the option of plea bargaining as follows: 1) the charge of Assault and Battery and Assault and Battery with a Dangerous Weapon would be dismissed and the Operating Under the Influence would be continued without a finding; or 2) the Operating Under the Influence would be dismissed and Sully could plea on the other charges. If Sully did not accept either of these options the Assistant District Attorney would pursue convictions on both cases. Sully refused to plea.

25. At a bench trial, the parties first addressed the charges of Assault and Battery and Assault and Battery with a Dangerous Weapon. Sully's attorney produced an affidavit from the alleged victim, Alexis, which stated that at no time did Sully strike or kick him nor did Alexis ever state anything to the contrary to the police officers. Sully's attorney made a motion to dismiss, which was allowed.

26. Sully was found not guilty of Operating Under the Influence.

### COUNT I

(Violation of 42 U.S.C. §1983)
(Sully v. Estrela)

27. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 26 of this Complaint.

28. Estrela arrested Sully without probable cause and with excessive force. Estrela maliciously instituted a criminal action against Sully without probable cause.

29. By the actions described above in this Complaint, Estrela, under a color of state law and within the scope of his employment and official capacities as a police officer of the Town of Randolph deprived Sully of his rights, privileges and immunities guaranteed by the Constitution and the laws of the United States. The wrongful arrest and the use of excessive force and other acts of Estrela constitute a state action and were violations of the 4th Amendment to the United States Constitution and the due process clauses of the 5th and the 14th amendments of the United States Constitution.

30. As a direct and proximate result of Estrela's wrongful and unlawful conduct as aforesaid, Sully was falsely accused of crimes he did not commit; sustained serious injuries to his body; was prevented from transacting usual business; suffered loss of earning capacity; suffered great pain of body and mind (including mental anguish and emotional distress);

5

and, incurred expenses for medical care and attendants. Sully is entitled to compensation for such harm and payment of reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT II

(Violation of MASS. GEN. LAWS ch. 12 §11H and I)
(Sully v. Estrela)

31. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 30 of this Complaint.

32. By the actions described above in this Complaint, Estrela, acting under the color of state law and within the scope of his employment and official capacities as a Town of Randolph police officer, did interfere with, and did so by the use of threats, intimidation and coercion, Sully's rights to substantive due process and equal protection of the law under the 4th, 5th and 14th Amendments to the United States Constitution and his protected rights under Part 1 of the Massachusetts Declaration of Rights.

33. The conduct of Estrela as described herein violated the plaintiff's civil rights under MASS. GEN. LAWS ch. 12, §11H and I.

34. As a direct and proximate result of Estrela's wrongful and unlawful conduct as aforesaid, Sully was falsely accused of crimes he did not commit; sustained serious injuries to his body; was prevented from transacting usual business; suffered loss of earning capacity; suffered great pain of body and mind (including mental anguish and emotional distress); and, incurred expenses for medical care and attendants. Sully is entitled to compensation for such harm and the payment of reasonable attorney fees pursuant to MASS. GEN. LAWS ch. 12, §11H and I.

## COUNT III

(False Imprisonment)
(<u>Sully v. Estrela</u>)

35. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 34 of this Complaint.

36. Estrela falsely and unlawfully arrested, detained and imprisoned Sully without probable cause, as set forth above, and by reason of that unlawful conduct Sully was deprived of his personal liberty, suffered great pain and anguish of mind and was greatly damaged.

## COUNT IV

(Malicious Prosecution)
(<u>Sully v. Estrela</u>)

37. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 36 of this Complaint.

38. Estrela initiated criminal process against Sully with malice and without probable cause to believe the plaintiff was guilty when he unlawfully arrested Sully.

39. The charges were dismissed after Sully offered into evidence at trial, an affidavit of the alleged victim who stated Sully never struck or kicked him, nor did he ever say anything to the contrary.

40. As a direct and proximate result of the malicious prosecution committed by Estrela against Sully as aforesaid, Sully was deprived of his personal liberty, suffered great pain and anguish of mind and was greatly damaged.

## COUNT V

(Abuse of Process)
(<u>Sully v. Estrela</u>)

41. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 40 of this Complaint.

42. Estrela initiated and maintained criminal process against Sully with malice and without probable cause to believe the plaintiff was guilty when he unlawfully arrested Sully.

43. At the time of the arrest, Estrela knew that the plaintiff did not commit any illegal acts but Estrela nevertheless proceeded with his action for the sole purpose and intent of injuring Sully.

44. The criminal charges were brought falsely and maliciously to accomplish unlawful and ulterior purposes for which the said process was not designed and intended.

45. As a direct and proximate result of the abuse of process committed by Estrela against Sully as aforesaid, Sully was deprived of his personal liberty, suffered great pain and anguish of mind and was greatly damaged.

## COUNT VI

(Assault and Battery)
(Sully v. Estrela)

46. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 45 of this Complaint.

47. As a direct and proximate result of the unlawful assaults and batteries committed by Estrela upon Sully as aforesaid, Sully sustained serious injuries to his body; was prevented from transacting usual business; suffered loss of earning capacity; suffered great pain of body and mind (including mental anguish and emotional distress); and, incurred expenses for medical care and attendants.

## COUNT VII

(Infliction of Emotional Distress)
(<u>Sully v. Estrela</u>)

48. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 47 of this Complaint.

49. The extreme and outrageous actions of Estrela, committed alone and in concert with other Randolph police officers, amounts to intentional and/or negligent infliction of emotional distress.

50. As a direct and proximate result of the negligent, wrongful and unlawful conduct of Estrela as aforesaid, Sully sustained serious injuries to his body; was prevented from transacting usual business; suffered loss of earning capacity; suffered great pain of body and mind (including mental anguish and emotional distress); and, incurred expenses for medical care and attendants.

## COUNT VIII

(Violation of 42 U.S.C. §1983)
(<u>Sully v. Morse</u>)

51. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 50 of this Complaint.

52. Morse arrested Sully without probable cause. Morse maliciously instituted a criminal action against Sully without probable cause.

53. By the actions described above in this Complaint, Morse, under a color of state law and within the scope of his employment and official capacities as a police officer of the Town of Randolph deprived Sully of his rights, privileges and immunities guaranteed by the Constitution and the laws of the United States. The wrongful arrest and other acts of

Morse constitute a state action and were violations of the 4th Amendment to the United States Constitution and the due process clauses of the 5th and the 14th amendments of the United States Constitution.

54. As a direct and proximate result of Morse's wrongful and unlawful conduct as aforesaid, Sully was falsely accused of crimes he did not commit and suffered great pain of body and mind (including mental anguish and emotional distress). Sully is entitled to compensation for such harm and payment of reasonable attorney's fees pursuant to 42 U.S.C. §1988.

## COUNT IX

(Violation of MASS. GEN. LAWS ch. 12 §11H and I)
(Sully v. Morse)

55. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 54 of this Complaint.

56. By the actions described above in this Complaint, Morse, acting under the color of state law and within the scope of his employment and official capacities as a Town of Randolph police officer, did interfere with, and deny by the use of threats, intimidation and coercion, Sully's rights to substantive due process and equal protection of the law under the 4th, 5th and 14th Amendments to the United States Constitution and his protected rights under Part 1 of the Massachusetts Declaration of Rights.

57. The conduct of Morse as described herein violated the plaintiff's civil rights under MASS. GEN. LAWS ch. 12, §11H and I.

58. As a direct and proximate result of Morse's wrongful and unlawful conduct as aforesaid, Sully was falsely accused of crimes he did not commit and suffered great pain of body and mind (including mental anguish and emotional distress). Sully is entitled to

compensation for such harm and the payment of reasonable attorney fees pursuant to MASS. GEN. LAWS ch. 12, §11H and I.

## COUNT X

(False Imprisonment)
(Sully v. Morse)

59. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 58 of this Complaint.

60. Morse falsely and unlawfully arrested, detained and imprisoned Sully without probable cause, as set forth above, and by reason of that unlawful conduct Sully was deprived of his personal liberty, suffered great pain and anguish of mind and was greatly damaged.

## COUNT XI

(Malicious Prosecution)
(Sully v. Morse)

61. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 60 of this Complaint.

62. Morse initiated criminal process against Sully with malice and without probable cause to believe the plaintiff was guilty when he unlawfully arrested Sully.

63. Sully was found not guilty of the criminal charges brought about from the unlawful arrest by Morse.

64. As a direct and proximate result of the malicious prosecution committed by Morse against Sully as aforesaid, Sully was deprived of his personal liberty, suffered great pain and anguish of mind and was greatly damaged.

## COUNT XII

(Abuse of Process)
(<u>Sully v. Morse</u>)

65. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 64 of this Complaint.

66. Morse initiated and maintained criminal process against Sully with malice and without probable cause to believe the plaintiff was guilty when he unlawfully arrested Sully.

67. At the time of the arrest, Morse knew that the plaintiff did not commit any illegal acts but Morse nevertheless proceeded with his action for the sole purpose and intent of injuring Sully.

68. The criminal charges were brought falsely and maliciously to accomplish unlawful and ulterior purposes for which the said process was not designed and intended.

69. As a direct and proximate result of the abuse of process committed by Morse against Sully as aforesaid, Sully was deprived of his personal liberty, suffered great pain and anguish of mind and was greatly damaged.

## COUNT XIII

(Infliction of Emotional Distress)
(<u>Sully v. Morse</u>)

70. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 69 of this Complaint.

71. The extreme and outrageous actions of Morse as described above in this Complaint, committed alone and in concert with other Randolph police officers, amounts to intentional and/or negligent infliction of emotional distress.

72. As a direct and proximate result of the negligent, wrongful and unlawful conduct of Morse as aforesaid, Sully suffered great pain of body and mind (including mental anguish and emotional distress).

### COUNT XIV

(Massachusetts Tort Claims Act, MASS. GEN. LAWS ch. 258)
(Sully v. Town of Randolph)

73. Sully repeats, realleges and incorporates by reference as if set forth hereto in their entirety paragraphs 1 through 72 of this Complaint.

74. The Town of Randolph, by its employee, the said Estrela, who was acting within the scope of his employment and official capacities as a Randolph police officer, so negligently applied force and/or excessive force to Sully during his arrest so as to cause Sully to sustain a personal injury.

75. The Town of Randolph, by its employee, the said Morse, who was acting within the scope of his employment and official capacities as a Randolph police officer, negligently arrested Sully without probable cause.

76. The Town of Randolph negligently and carelessly trained and supervised said officers.

77. As a direct and proximate result of the negligent, wrongful and unlawful conduct of the Town of Randolph as aforesaid, Sully was falsely accused of crimes he did not commit; sustained serious injuries to his body, was prevented from transacting usual business, suffered great pain of body and mind (including mental anguish and emotional distress); and, incurred expenses for medical care and attendants.

78. Sully has satisfied all conditions precedent required by statutory or common law prior to commencing this action, specifically MASS. GEN. LAWS ch. 258 §4.  Attached hereto are copies of the presentment notices with returns of service.

79. The "executive officer" of the Town of Randolph has failed to either deny Sully's claim in writing or reach final arbitration, settlement, or compromise of Sully's claim within six months after the date upon which said claim was presented.

80. By virtue of the Massachusetts Tort Claims Act, MASS. GEN. LAWS ch. 258, Sully's claim is deemed to be rejected and denied.

WHEREFORE, Ermann Sully demands:

1. Pursuant to Count I that the Court enter judgment for Sully against Estrela in an amount that this Court shall deem proper pursuant to 42 U.S.C. §1983 and award Sully his reasonable attorney fees, costs and pre-judgment interest pursuant to 42 U.S.C. §1988.

2. Pursuant to Count II that the Court enter judgment for Sully against Estrela in an amount that this Court shall deem proper in accordance with MASS. GEN. LAWS ch. 12§11I and award Rossi his reasonable attorney fees, costs and interest as allowed by the law.

3. Pursuant to Count III that the Court enter judgment for Sully against Estrela and award damages, attorney's fees, costs and interest as allowed by the law.

4. Pursuant to Count IV that the Court enter judgment for Sully against Estrela and award damages, attorney's fees, costs and interest as allowed by the law.

5. Pursuant to Court V that the Court enter judgment for Sully against Estrela and award damages, attorney's fees, costs and interest as allowed by the law.

6. Pursuant to Count VI that the Court enter judgment for Sully against Estrela and award damages, attorney's fees, costs and interest as allowed by the law.

7. Pursuant to Count VII that the Court enter judgment for Sully against Estrela and award damages, attorney's fees, costs and interest as allowed by the law.

8. Pursuant to Count VIII that the Court enter judgment for Sully against Morse pursuant to 42 U.S.C. §1983 and award Sully his reasonable attorney fees, costs and pre-judgment interest pursuant to 42 U.S.C. §1988.

9. Pursuant to Count IX that the Court enter judgment for Sully against Morse in an amount that this Court shall deem proper in accordance with MASS. GEN. LAWS ch. 12§11I and award Rossi his reasonable attorney fees, costs and interest as allowed by the law.

10. Pursuant to Count X that the Court enter judgment for Sully against Morse and award damages, attorney's fees, costs and interest as allowed by the law.

11. Pursuant to Count XI that the Court enter judgment for Sully against Morse and award damages, attorney's fees, costs and interest as allowed by the law.

12. Pursuant to Count XII that the Court enter judgment for Sully against Morse and award damages, attorney's fees, costs and interest as allowed by the law.

13. Pursuant to Count XIII that the Court enter judgment for Sully against Morse and award damages, attorney's fees, costs and interest as allowed by the law.

14. Pursuant to Count XIV that the Court enter judgment for Sully against the Town of Randolph and award damages, attorney's fees, costs and interest as allowed by the law.

15. Such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS TRIABLE BY A JURY.**

| | |
|---|---|
| DATED:  April 2, 2004 | Respectfully submitted,<br>ERMANN SULLY,<br>By his attorney,<br><br>s/ Murray P. Reiser<br>_____<br>Murray P. Reiser, BBO #416180<br>Law Office of Murray P. Reiser, P.C.<br>4 Longfellow Place, Ste. 3703<br>Boston, MA 02114<br>(617) 742-1810 |