UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

| |
|---|
| ERMANN SULLY, |
| Plaintiff |
| v. |
| FABIANO ESTRELA, STEPHEN MORSE and TOWN OF RANDOLPH, |
| Defendants |

PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties to this action and their counsel, are subject to the following Protective Order:

1. This protective order applies to all documents and to the information contained therein designated "CONFIDENTIAL" by the party producing same. This Order is intended to cover all medical records, mental health records, and other records of illnesses or disabilities, including, but not limited to records and information contained in the personnel files of the individual defendants and other Town of Randolph files.

2. Parties obtaining documents subject to this order from medical providers or other non-parties shall promptly provide counsel for all other parties with copies of such records.

3. If a party seeks to establish that documents or information contained in the documents are not entitled to such status and protection, the party shall advise opposing counsel of the basis of his objection. If the parties cannot resolve the dispute within ten days of such notification, the party seeking to establish confidentiality shall bring the matter to the Court for resolution and shall bear the burden of establishing that a protective order concerning the documents or information is appropriate. See Anderson v. Cryovac, 805 F.2d 1 (1st Cir. 1986).

4. Confidential documents are to be used by the parties only in connection with litigating this case.

5. Confidential material may only be disclosed as follows:

a. ~~to the Court, in camera or under seal~~ 

b. to attorneys of record, including their partners and employees who are directly assisting the attorneys of record, provided that such persons are informed of their obligations under this Order and agree to be bound by this Order;

c. to experts, under these conditions: (1) the attorney of record shall first inform each expert that the disclosed material is confidential, is to be held in strict confidence, and is to be used solely to prepare and present evidence in the litigation, and that these restrictions are imposed by court order; (2) the expert shall agree in writing to be bound by this Order.

6. Confidential material may not be otherwise disclosed without the prior written consent of the party producing same.

7. Attorneys may discuss with their clients the substance of confidential documents. However, no party shall view or be given a copy of any confidential document. The parties must also be advised that the information is subject to a protective order and may not be disclosed to anyone else.

8. Copies of confidential material may not be made except for an expert who requires a copy for review, file copies for counsel, copies for use at depositions, in support of motions and for use at trial. To the extent copies are made as provided in this paragraph, such copies shall themselves become confidential documents and shall be subject to all the terms of this Order as if it were a "first generation" document.

9. During his or her oral deposition, a deponent may be shown confidential documents or information so that the deponent can answer questions based on it. To the extent that the deposition transcript incorporates into it confidential material, the portion of the transcript incorporating such material shall itself become a confidential document and shall be subject to all the terms of this Order as if it were a "first-generation" document. Exhibits shall be considered "first-generation" documents and shall not be reproduced, except as herein provided. A deponent who is not a party to the litigation shall be furnished a copy of this Order before being examined upon, or asked to produce, potentially confidential documents.

10. The use of the confidential documents at trial shall be determined by the trial court.

11. If another court or administrative agency subpoenas or orders production of material marked "confidential," the recipient of the subpoena or order shall promptly notify the other party of the pendency of the subpoena or order.

12. The provisions of this Order shall survive the termination of this action, except to the extent that confidential information becomes part of the public record at trial. Within ninety days of the termination of the action, all documents marked "confidential" shall be returned to the producing party through its attorneys.

13. Documents produced under this Order shall not be deemed to waive any applicable privileges.

14. This Order may be modified by this Court upon application by a party, with notice.

*No documents may be filed with the Court pursuant to this order. WY*

FOR THE PLAINTIFF:

*/s/ Murray P. Reiser/*

Murray P. Reiser (BBO #416180)
Law Office of Murray P. Reiser, P.C.
4 Longfellow Place, Suite 3703
Boston, MA 02114
(617) 742-1810

FOR THE DEFENDANTS:

*/s/ Joseph L. Tehan/*

Joseph L. Tehan, Jr. (BBO #494020)
KOPELMAN & PAIGE, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

Dated: June 11, 2004

#222651/METG/60700-0381

## ORDER

Upon consideration, a **PROTECTIVE ORDER** encompassing the terms of the foregoing stipulation of the parties is entered.

SO ORDERED.

Dated: *June 17, 2004*

*William G. Young*
William G. Young, C.J., U.S.D.C.

#222651/METG/60700-0381