UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 03-12298-WGY

ERMANN SULLY,
                Plaintiff

v.

FABIANO ESTRELA, STEPHEN MORSE,
and TOWN OF RANDOLPH,
                Defendants.

## PLAINTIFF'S MOTION TO COMPEL AND SUPPORTING MEMORANDUM OF REASONS

Now comes the plaintiff, Ermann Sully, pursuant to Rule 37 of the Federal Rules of Civil Procedure and hereby requests this Honorable Court grant his Motion to Compel. The plaintiff is seeking the address of a person with knowledge of a discoverable matter. The defendant, Town of Randolph, knows the address of the individual but will not provide it. This motion is based on the following grounds:

1. The plaintiff has requested the address of Lt. Kevin Connor, a former Town of Randolph Police officer, in order to subpoena him for a deposition and trial.

2. The plaintiff learned through the deposition of the Acting Chief of Police, Paul Porter, that Lt. Connor played a role in the prompting the second unlawful arrest of the plaintiff on April 20, 2001. Following the suspension of the deposition of Chief Porter, Attorney Reiser, counsel for plaintiff, requested that Lt. Connor be designated as a person authorized to testify on behalf of the defendant Town. Attorney Tehan, defense counsel, stated he would think about it.

3. At no time at that deposition was the plaintiff informed that Lt. Connor was retired and thus could not be designated as authorized to testify on behalf of the Town.

4. After Chief Porter's deposition and at the deposition of the plaintiff, Attorney Reiser tried to discuss the outstanding discovery issues with Attorney Tehan however, Attorney Tehan said he thought everything had been taken care of and therefore requested Attorney Reiser write in a letter what he wanted.

5. On September 13, 2004, Attorney Reiser wrote a letter to Attorney Tehan requesting information on printouts from the Town's computers, the Town supplementing their answers to interrogatories and about scheduling Lt. Connor's deposition. The plaintiff requested a response to his letter by September 15, 2004.

6. At or around this same time, it was determined that the parties needed additional time to complete depositions and entered into a Joint Motion to Extend Scheduling Order. Attorney Reiser requested a deadline of December 1, 2004 due to the difficulty already encountered in obtaining discovery from the defendants and the difficulty in finding agreeable deposition dates and locating witnesses. Defendant's counsel refused that deadline but agreed to October 31, 2004.

7. Not until after the agreement for the extension of the scheduling order was made did defense counsel, Jeffrey Blake, inform the plaintiff that the Acting Chief and Lt. Connor would not be made available and presented for their depositions until October 14, 2004. Furthermore, defense counsel stated at that time they did not represent Lt. Connor but would not provide his address for a deposition subpoena. Attorney Blake stated he did not have Lt. Connor's address but when asked if his client did, he said yes. Defense counsel was asked if he would provide Lt. Connor's address for purposes of subpoenaing Lt. Connor and he said no.

8. It is evident that the defendant would only agree to a short extension of discovery in order

to continue in their efforts of making it extremely difficult for the plaintiff to obtain and complete necessary discovery.

9. The defendant agreed to a 45 day extension but then would not make themselves and/or their clients or witnesses available for deposition until 15 days before the new deadline.

10. When defense counsel was asked whether he would give the plaintiff additional time to complete depositions if necessary, following the depositions of Lt. Connors and the continued deposition of Chief Porter, defense counsel stated he would think about it when the time came.

11. Plaintiff's counsel is also in possession of location information for one witness, which were recently learned by plaintiff's counsel. Plaintiff's counsel attempted to make an exchange of information with defense counsel, however defense counsel would not exchange information. Instead, he just insisted on plaintiff's information. Plaintiff's counsel provided the witness information to defense counsel on September 24, 2004.

12. This delay in discovery is typical of the defendants. The plaintiff has been extremely patient in regard to obtaining discovery from the defendants. For example the plaintiff gave the defendant additional time in which to serve their discovery responses however, at twelve days past the agreed upon date, only the individual defendant answers to interrogatories were served. The remaining discovery responses were not served until a month after the agreed upon date. Furthermore the responses provided were incomplete, vague and evasive. The plaintiff has spent several months trying to obtain complete and accurate answers to interrogatories and responses to requests for production of documents. In fact, on September 23, 2004 additional discovery materials were forwarded via facsimile.

13. The Court has not yet acted upon the parties' Joint Motion to Extend Tracking Order. The plaintiff is unable to move forward with depositions at this point because defense counsel will not allow depositions to take place until the Joint Motion is allowed by the Court.

14. The delays caused and purposefully created by the defendants are detrimental to the plaintiff's case. The defendants are not allowing for additional time to take additional depositions if necessary following the depositions of the Acting Chief and Lt. Connor. As such, Lt. Connor's deposition must be scheduled immediately.

15. The plaintiff has tried to be patient and reasonable, knowing the difficulties encountered when obtaining and preparing discovery as well as scheduling depositions, but the defendants are flat out refusing to provide the plaintiff with a known address of a person who has knowledge of discoverable information.

16. The plaintiff has offered to enter into a confidentiality agreement with the defendants to do whatever is necessary to protect the address of the retired lieutenant from public record.

17. Plaintiff's counsel certifies that he attempted in good faith to resolve the present dispute and had a telephone conference with defense counsel, Jeffrey Blake, on these matters on September 21, 22 and 23. Furthermore, on September 24, 2004 plaintiff's counsel forwarded a letter and draft Motion to Compel to defense counsel stating that he would file the Motion with the Court on September 27, 2004 if the address was not learned by that date. On this date, September 27, 2004, defense counsel has not provided the lieutenant's address.

For the reasons set forth above, the plaintiff, Ermann Sully, pursuant to Rule 37 of the Federal Rules of Civil Procedure hereby requests this Honorable Court grant his Motion to Compel and order the defendants to produce the address of Lt. Connor within 24 hours of the Court Order.

DATED:

Respectfully submitted,
By the Plaintiff,
By his attorney,

/s/ Murray P. Reiser
Murray P. Reiser, BBO# 416180
Law Office of Murray P. Reiser, P.C.
4 Longfellow Place, Suite, 3703
Boston, MA 02114
(617) 742-1810

**CERTIFICATE OF SERVICE**

I, Murray P. Reiser, hereby certify that a true copy of the foregoing documents was served upon the attorney of record for each party on this 27th day of September, 2004 via first class mail.

/s/ Murray P. Reiser
_____
Murray P. Reiser