UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 03-12298-WGY

ERMANN SULLY,
                Plaintiff

v.

FABIANO ESTRELA, STEPHEN MORSE,
and TOWN OF RANDOLPH,
                Defendants.

### PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR DESIGNATING A WITNESS AS AN EXPERT WITNESS AND SUPPORTING MEMORANDUM OF REASONS

Now comes the plaintiff, Ermann Sully, and hereby requests this Honorable Court grant his Motion to Extend Deadline for Designating a Witness as an Expert Witness. The plaintiff is seeking this relief because the defense counsel stated he will object to the introduction into evidence at trial of the medical records of the treating physician of the plaintiff and will object to the treating physician testifying at trial. In order to protect himself, the plaintiff will designate his treating physician as an expert at this time, although he does not believe he will be required to have the treating physician testify as an expert at the trial of this matter. In order to do so in accordance with the Federal Rules of Civil Procedure, the plaintiff will need additional time in which to obtain the curriculum vitae of the physician and other required disclosures pertaining to the expert. As grounds for this Motion the plaintiff states as follows:

1. The parties have been very busy conducting depositions of the witnesses in this case over the last few months. Specifically, the parties just completed witness depositions last Thursday, October 28, 2004. The parties have had to request extensions of the deposition deadline on two different occasions due to the difficulty in obtaining and securing

witnesses. As a result additional discovery, including discovery pertaining to expert witnesses, has also been delayed.

2. The plaintiff served upon the defendants, pursuant to the mandatory disclosures of Local Rule 35.1 United States District Court, District of Massachusetts, all medical records relating to the treatment plaintiff received following the incident which is the subject of this case.

3. Plaintiff's counsel, Attorney Reiser, on this date contacted defense counsel, Attorney Tehan, to inform him that plaintiff intended to introduce into evidence at trial pursuant to M.G.L. Chapter 111, Section 70 and Chapter 233, Section 79G the medical records already produced by the plaintiff pursuant to the mandatory initial disclosures. Attorney Reiser further stated that he did not intend to designate an expert because he will introduce the contemporaneous medical notes of the treating physician and may have the treating physician testify at the trial of this action only with respect to what is already written in said contemporaneous medical notes. Attorney Tehan stated he would object to the introduction of this evidence at trial but would not tell Attorney Reiser why he would object. Attorney Tehan also said he would object to the treating physician testifying at the trial of this matter.

4. As a result of Attorney Tehan's intended objections, Attorney Reiser requested an extension to designate the treating physician as an expert but Attorney Tehan refused to grant said extension. The plaintiff would only designate one treating physician, G. Chinman, M.D., the psychiatrist whom the plaintiff only saw four times. The plaintiff would not have the Emergency Room doctor nor the chiropractor designated as an expert.

5. Attorney Reiser requested said extension to cover all bases and to protect the plaintiff's interests even though plaintiff does not believe it will be necessary to call the treating physician as an expert witness. The treating physician's notes written contemporaneous with treatment, are clear, concise and thorough and provide causation of the injuries relating same to the incident and therefore are admissible into evidence. As a result, it seems that an expert's opinion is unnecessary. *Please see medical records attached hereto which the plaintiff intends to introduce into evidence at the trial of this matter, which will be physically brought to the court tomorrow*.

6. The plaintiff has concern due to the mysterious objection of the defendant that the plaintiff will be unable to introduce these medical records into evidence and further that the treating physician will be unable to testify at trial as to his treatment of the plaintiff and notes regarding same.

7. As such, the plaintiff requests an additional thirty (30) days in which to obtain the materials required under Rule 26(a)(2) of the Federal Rules of Civil Procedure pertaining to designated expert witnesses, however, indicates that the medical records already produced would be the basis for any designated witness.

For the reasons set forth above, the plaintiff, Ermann Sully, requests this Honorable Court grant his Motion to Extend the Deadline for Designating a Witness as an Expert Witness for thirty days to November 30, 2004. In the alternative, the plaintiff requests this Court declare that the medical records of the plaintiff's treatment be admissible into evidence at the trial of this matter as long as the plaintiff complies with the requirements of M.G.L. Chapter 111, Section 70, Chapter 233, Section 79G and Federal Rules of Evidence 803 and 902.

DATED:                              Respectfully submitted,
                                    By the Plaintiff,
                                    By his attorney,

                                    /s/ Murray P. Reiser
                                    _____
                                    Murray P. Reiser, BBO# 416180
                                    Law Office of Murray P. Reiser, P.C.
                                    4 Longfellow Place, Suite, 3703
                                    Boston, MA 02114
                                    (617) 742-1810

**CERTIFICATE OF SERVICE**

I, Murray P. Reiser, hereby certify that a true copy of the foregoing documents was served upon the attorney of record for each party on this 1st day of November, 2004 via first class mail.

                                    /s/ Murray P. Reiser
                                    _____
                                    Murray P. Reiser