UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

ERMANN SULLY,

        Plaintiff

v.

FABIANO ESTRELLA, STEPHEN MORSE and TOWN OF RANDOLPH,

        Defendants

DEFENDANTS FABIANO ESTRELLA, STEPHEN MORSE and TOWN OF RANDOLPH'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

PRELIMINARY STATEMENT

To the extent the allegations set forth in the "Preliminary Statement" require a response, the same are denied by the defendants.

PARTIES

1.    The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1.

2.    Defendant Estrella denies that he maintains a "business address" in the Town of Randolph, but admits that the address of the Randolph Police Department is that set forth in Paragraph 2. The defendant denies that there exists a basis for an individual capacity claim against him. The remaining allegations set forth in Paragraph 2 are denied.

3.    Defendant Morse denies that he maintains a "business address" in the Town of Randolph, but admits that the address of the Randolph Police Department is that set forth in Paragraph 3. The defendant denies that there exists a basis for an individual capacity claim against him. The remaining allegations set forth in Paragraph 3 are denied..

4.	The allegations set forth in Paragraph 4 comprise contentions as to matters of law not requiring a response by the defendants. To the extent said allegations require a response, the same are admitted.

## STATEMENT OF FACTS

5.	Admitted.

6.	Admitted.

7.	The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7.

8.	The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8.

9.	The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9.

10.	The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10.

11.	Denied.

12.	Denied.

13.	The defendants admit that a police cruiser arrived and state that plaintiff resisted placement into the cruiser. The remaining allegations set forth in Paragraph 13 are denied.

14.	Admitted.

15.	The defendants admit only that plaintiff was released from police custody at some point after posting bail. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 15.

16. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 16. The remaining allegations in said paragraph are admitted.

17. The defendants admit only that defendant Morse pulled over plaintiff's vehicle.

18. Admitted.

19. Denied.

20. The defendants deny that the plaintiff passed the field sobriety tests administered to him. The remaining allegations set forth in Paragraph 20 are admitted.

21. The defendants admit the allegations set forth in the first sentence of Paragraph 21. The remaining allegations set forth in said paragraph are denied.

22. The defendants deny the allegations set forth in the first and second sentences of Paragraph 22. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the remaining sentences of Paragraph 22.

23. The defendants admit that plaintiff was scheduled for trial but are without knowledge or information sufficient to form a belief as to the truth of the allegations as to the date of the trial.

24. The defendants admit the allegations set forth in the last sentence of Paragraph 24. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 24.

25. Admitted.

26. Admitted.

## COUNT I
(Violation of 42 U.S.C., § 1983)

### Sully v. Estrella

27. Defendant Estrella restates and incorporates by reference his responses to Paragraphs 1-26.

28. Denied.

29. Denied.

30. Denied.

## COUNT II
(Violation of Mass. Gen. Laws, c. 12, §§ 11H and I)

### Sully v. Estrella

31. Defendant Estrella restates and incorporates by reference his responses to Paragraphs 1-30.

32. Denied.

33. Denied.

34. Denied.

## COUNT III
(False Imprisonment)

### Sully v. Estrella

35. Defendant Estrella restates and incorporates by reference his responses to Paragraphs 1-34.

36. Denied.

## COUNT IV
(Malicious Prosecution)

### Sully v. Estrella

37. Defendant Estrella restates and incorporates by reference his responses to Paragraphs 1-36.

38. Denied.

39. Admitted.

40. Denied.

## COUNT V
(Abuse of Process)

### Sully v. Estrella

41. Defendant Estrella restates and incorporates by reference his responses to Paragraphs 1-40.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

## COUNT VI
(Assault and Battery)

### Sully v. Estrella

46. Defendant Estrella restates and incorporates by reference his responses to Paragraphs 1-45.

47. Denied.

## COUNT VII
### (Infliction of Emotional Distress)

#### Sully v. Estrella

48. Defendant Estrella restates and incorporates by reference his responses to Paragraphs 1-47.

49. Denied.

50. Denied.

## COUNT VIII
### (Violation of 42 U.S.C., § 1983)

#### Sully v. Morse

51. Defendant Morse restates and incorporates by reference his responses to Paragraphs 1-50.

52. Denied.

53. Denied.

54. Denied.

## COUNT IX
### (Violation of Mass. Gen. Laws, c. 12, §§ 11H and I)

#### Sully v. Morse

55. Defendant Morse restates and incorporates by reference his responses to Paragraphs 1-54.

56. Denied.

57. Denied.

58. Denied.

## COUNT X
(False Imprisonment)

### <u>Sully</u> v. <u>Morse</u>

59.     Defendant Morse restates and incorporates by reference his responses to Paragraphs 1-58.

60.     Denied.

## COUNT XI
(Malicious Prosecution)

### <u>Sully</u> v. <u>Morse</u>

61.     Defendant Morse restates and incorporates by reference his responses to Paragraphs 1-60.

62.     Denied.

63.     Denied.

64.     Denied.

## COUNT XII
(Abuse of Process)

### <u>Sully</u> v. <u>Morse</u>

65.     Defendant Morse restates and incorporates by reference his responses to Paragraphs 1-64.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

## COUNT XIII
(Infliction of Emotional Distress)

### Sully v. Morse

70. Defendant Morse restates and incorporates by reference his responses to Paragraphs 1-69.

71. Denied.

72. Denied.

## COUNT IV
(Massachusetts Tort Claims Act, Mass. Gen Laws ch. 258)

### Sully v. Town of Randolph

73. Defendant Town of Randolph restates and incorporates by reference its responses to Paragraphs 1-72.

74. Denied.

75. Denied.

76. Denied.

77. Denied.

78. The allegations set forth in Paragraph 78 comprise contentions as to matters of law not requiring a response by the defendants.

79. Admitted.

80. The allegations set forth in Paragraph 80 comprise contentions as to matters of law not requiring a response by the defendants.

## DEFENSES

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because he has failed to allege that the defendants' conduct deprived him of a federal constitutional right.

8

## SECOND DEFENSE

Plaintiff fails to state a claim upon which relief may be granted because he has failed to allege that the defendants own him a constitutional duty or that the defendants breached that constitutional duty.

## THIRD DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were undertaken in the good faith performance of their official duties without malice and were therefore privileged under applicable law.

## FOURTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances of which the defendants were aware, and they enjoy a qualified immunity from all liability arising therefrom.

## FIFTH DEFENSE

The actions and conduct of the individual defendants, to the extent they occurred as alleged, did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware and they are therefore entitled to qualified immunity.

## SIXTH DEFENSE

The Complaint fails to state a claim for which punitive damages are available against the defendants.

## SEVENTH DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE

The Complaint should be dismissed for failure to comply with the statute of limitations.

### NINTH DEFENSE

The defendants deny all of plaintiffs' allegations of wrongful conduct and state there is no custom or policy amounting to a constitutional violation.

### TENTH DEFENSE

The claims arising out of the subject matter of the transaction and occurrences alleged are barred as the defendants were carrying out executive, administrative and law enforcement functions in good faith.

### ELEVENTH DEFENSE

The individual defendants are immune from liability pursuant to G.L.c. 258, § 2.

### TWELFTH DEFENSE

The actions and conduct of the defendants, to the extent they occurred as alleged, were undertaken in the good faith performance of their official duties without malice and were therefore privileged under applicable law.

### THIRTEENTH DEFENSE

Any injury or damages suffered by the plaintiff, to the extent actually incurred as alleged, were caused by reason of the plaintiffs' own wrongful acts, reckless misconduct and negligence.

### FOURTEENTH DEFENSE

The Complaint should be dismissed for insufficient and/or improper service of process.

### FIFTEENTH DEFENSE

The plaintiff lacks standing to assert the claims contained in the Complaint because he has failed to allege that he has suffered any damages for which he is entitled to relief.

### SIXTEENTH DEFENSE

As to some or all of plaintiff's claims under state law, plaintiff has failed to comply with mandatory statutory prerequisites to the maintenance of his causes of action and his action is therefore barred and this Court lacks subject matter jurisdiction over such claims.

### SEVENTEENTH DEFENSE

Plaintiff's Complaint, insofar as it alleges negligence, is subject to dismissal for failure to comply with the notice presentment provisions of G.L. c. 258, §4.

### EIGHTEENTH DEFENSE

At the time alleged in the Complaint, the defendants were engaged as a public entity or public employees, and therefore the plaintiff's recovery is barred or limited in accordance with G.L. c. 258 and the doctrine of sovereign immunity.

### NINETEENTH DEFENSE

The defendants say that this action consists of a claim based upon the performance or failure to perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, and, therefore, the plaintiff cannot recover in this action.

### TWENTIETH DEFENSE

The plaintiff is precluded from any recovery as the negligence of the plaintiff was greater than the defendants' alleged negligence and plaintiff cannot recover pursuant to G.L. c. 231, §85.

### TWENTY-FIRST DEFENSE

If defendants were negligent, which is denied, and the negligence of defendants exceeded the negligence of the plaintiff, which is denied, then the damages assessable against defendants should be reduced by the percentage of negligence attributable to plaintiff.

### TWENTY-SECOND DEFENSE

If the plaintiff sustained damages as alleged in the Complaint, they were caused by acts of a third person or persons, which acts the defendants had no reason to anticipate and of which person or persons the defendants had no knowledge, and over whom they had no control.

### TWENTY-THIRD DEFENSE

If the plaintiff suffered any damages as alleged, such damages were caused by the intervening act or acts or omissions of parties other than the defendants, and said act or acts or omissions superseded any action or omission by the defendants for which they might be

considered liable to the plaintiff, and which the defendants could not reasonably have foreseen, nor for which they can be held liable in this action.

### TWENTY-FOURTH DEFENSE

The defendants' actions are immune from suit pursuant to the "public duty rule".

### TWENTY-FIFTH DEFENSE

The Town of Randolph may not be held liable on a theory of *respondeat superior* on plaintiff's civil rights claims.

### TWENTY-SIXTH DEFENSE

The defendants state that plaintiff's arrests were supported by the requisite reasonable suspicion or probable cause.

### TWENTY-SEVENTH DEFENSE

The defendants state that any force applied to the person of the plaintiff was the minimum amount necessary to overcome resistance and to effect a lawful arrest.

### TWENTY-EIGHTH DEFENSE

The defendants state that plaintiff's claim pursuant to G.L.c. 12, §§ 11H and I are barred for failure to plead or establish the requisite "threats, coercion and intimidation."

### TWENTY-NINTH DEFENSE

The defendants deny any improper, ulterior motive for plaintiff's arrest and prosecution.

### THIRTIETH DEFENSE

The defendants deny any unlawful, unprivileged touching of the person of the plaintiff.

### THIRTY-FIRST DEFENSE

The defendants deny the existence of any action on their part which is extreme, outrageous or intolerable in a civilized society.

## THIRTY-SECOND DEFENSE

The action filed by the plaintiff is frivolous, wholly insubstantial and not advanced in good faith, and defendants are entitled to recovery of all costs, expenses and attorney's fees associated with the defense of this action.

## JURY CLAIM

The defendants respectfully demand a trial by jury.

DEFENDANTS, FABIANO ESTRELLA, STEPHEN MORSE and TOWN OF RANDOLPH

By their attorneys,


  /s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr. (BBO# 494020)
Jeffrey T. Blake (BBO # 655773)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

235613/METG/0381