UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298WGY

| | |
|---|---|
| ERMANN SULLY,<br><br>                    Plaintiff<br>v.<br><br>FABIANO ESTRELLA, STEPHEN MORSE and TOWN OF RANDOLPH,<br><br>                    Defendants | DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR DESIGNATING A WITNESS AS AN EXPERT WITNESS |

    Now come the defendants, pursuant to L.R. 7.1(B)(2) and hereby notice their opposition to Plaintiff's Motion to Extend Deadline for Designating a Witness As An Expert Witness.

    As grounds for said opposition, the defendants state that the motion should be denied due to plaintiff's failure to comply with the Scheduling Order deadline for written discovery and because plaintiff has failed to establish good cause for same.

    As further grounds, the defendants rely on the within Memorandum of Reasons.

MEMORANDUM OF REASONS

A.    Introduction

    1.    This action alleges constitutional claims of false arrest and excessive force by defendant Estrella, false arrest by defendant Morse together with pendent state tort claims against said officers, including intentional infliction of emotional distress (Counts VII, XIII) and negligent supervision and training on the part of Town of Randolph.  The case was removed to this Honorable Court on November 18, 2003.  (Ex. 'A', ¶ 1)

    2.    Each count of the Complaint alleges that plaintiff has sustained physical injury and/or emotional distress as a result of the defendants' conduct.  (Complaint, Amended Complaint , ¶¶ 30, 34, 36, 40, 45, 47, 50, 54, 58, 60, 64, 69, 72, 77)

B.   <u>Argument</u>

1.   Given the claims set forth in the Complaint, the need for expert testimony linking the defendants' conduct to plaintiff's claimed physical and emotional injuries should have been apparent to plaintiff's counsel as of the date of its filing and no later than November, 2003.

2.   The initial Joint Scheduling Statement of the parties, endorsed by the Court as a Scheduling Order on January 28, 2004 (Ex. 'A', ¶ 10), dictated completion of written discovery by March 31, 2004 and disclosure of plaintiff's experts by August 1, 2004. (Ex. 'B', ¶¶ I(B), (D))

3.   Plaintiff served Answers to Interrogatories on March 1, 2004 and Supplemental Answers to Interrogatories on August 25, 2004 (Exs. 'C' and 'D', respectively), but as of this date has failed to answer Interrogatory No. 10, which requested the identity of plaintiff's experts, together with their anticipated testimony and the grounds therefor.  Had plaintiff designated an expert, defendants would have considered designating a countervailing expert.

4.   On June 18, 2004, the parties filed a Joint Motion to Extend Scheduling Order, which enlarged the time frame for plaintiff's designation of experts to October 1, 2004. (Ex. 'E') The motion was allowed by the Court, with the express notation that ". . . THE TRIAL DATE IS NOT EXTENDED." (Ex. 'A', ¶ 15) (Emphasis in original)

5.   On September 15, 2004, the parties filed a second Joint Motion to Enlarge the Scheduling Order, which further enlarged the time frame for plaintiff's designation of experts to October 31, 2004.  (Ex. 'A', ¶ 18; Ex. 'F')  Said motion was allowed by the Court on September 28, 2004. (Ex. 'A', ¶ 20)

6.   At the close of business on November 1, 2004, plaintiff filed the Motion to Enlarge at issue.  Said motion would have required proof of "excusable neglect" pursuant to Fed.R.Civ.P. 6(b)(2), except that the due date for plaintiff's expert disclosure fell on a Sunday.

7.   L.R. 16.1(G), governing modification of scheduling orders, provides in pertinent part, that such orders ". . . can be modified . . . only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record."  Plaintiff

has provided neither the required evidentiary documentation nor good cause to support his motion.

8. In <u>McLaughlin</u> v. <u>McDonald's Corp, et al.</u>, 203 F.R.D. 45, 50, n. 4 (2001), also addressing the issue of modification of a scheduling order to extend the time for designating expert, this Court (Swartwood, M.J.) held that "[t]he 'good cause' test requires a showing that despite due diligence by the party seeking an extension, the deadline could not reasonably be met. The scheduling order will not be amended to permit designating of an expert on an issue that did not arise unannounced and unforeseen prior to the deadline."

In this instance, the need for experts was apparent from the date of commencement of this action, and the identity and proposed testimony of experts was also known to plaintiff since that time. Plaintiff's counsel's deliberate choice not to respond to expert discovery and failure to designate experts, despite two enlargements of time in which to do so, manifestly fails to comprise an "unannounced and unforeseen" issue, as required for allowance of plaintiff's motion.

9. Specifically, plaintiff's counsel has admitted that his failure to provide an answer to the expert interrogatory or to disclose an expert was a conscious tactical choice, premised upon a fundamental misunderstanding of the applicability of a state evidentiary/procedural statute, G.L. c. 233, § 79G in federal proceedings. (Plaintiff's motion, ¶ 3, 5)

10. That statute permits the admission <u>in state court proceedings</u> of a physician's report addressing the issues of ". . . the necessity of . . . treatments, . . . diagnosis . . . prognosis . . . the opinion of such physician . . . as to proximate cause . . ." That statute, to the knowledge of the undersigned, has no federal counterpart, nor do F.R.E. 803 or 902 permit such introduction of evidence, as plaintiff contends.

11. Plaintiff's counsel was advised by the undersigned of defendants' objection to introduction of records or reports pursuant to G.L.c. 233, § 79, on the basis that said statute is inapplicable in this forum. <u>See</u>, <u>e.g.</u>, <u>Hanna</u> v. <u>Plummer</u>, 380 U.S. 460, 471 (1965)("federal courts are to apply state 'substantive' law and federal 'procedural' law"); <u>see also</u> <u>Morton</u> v.

Brockman, 184 F.R.D. 211, 213- 214 (D.Me. 1999); McInnis v. A.M.F., Inc., 765 F.2d 240, 244-246 (1st Cir. 1985). Consequently, there is no "mysterious objection" warranting an enlargement of time, as alleged.

12. The arguments submitted in support of plaintiff's motion are manifestly frivolous, since, even were G.L.c. 233, § 79G applicable, it would not excuse plaintiff's failure to answer the expert interrogatory or to designate an expert in conformance with Fed.R.Civ.P. 26(a)(2). Regrettably, plaintiff's counsel has attempted to foist blame on defense counsel for his own ill-advised tactical choice, even attempting to impugn the undersigned for refusing to grant an extension to the expert disclosure time frame, which action would have been contemptuous of the Scheduling Order. (Plaintiff's motion, ¶ 4)

13. Plaintiff's failure to respond to the expert interrogatory or to make any effort to comply with clearly applicable expert designation requirements despite two enlargements of the time period for doing so, should not now be rewarded by allowance of his last minute motion.

14. Plaintiff's tactics have already prejudiced the defendants, as noted in paragraph 3 above. Allowance of plaintiff's motion will compound the prejudice by interfering with the filing of defendants' Motion for Summary Judgment, which they have begun planning without addressing proposed expert testimony on the plaintiff's part.

16. For the foregoing reasons, it is respectfully requested that plaintiff's motion to extend the expert disclosure deadline be denied.

DEFENDANTS,

By their attorney,

/s/ Joseph L. Tehan, Jr.
Joseph L. Tehan, Jr.
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

235471/METG/0381

5