# EXHIBIT A

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:03-cv-12298-WGY

Sully v. Estrella et al
Assigned to: Chief Judge William G. Young
Referred to:
Demand: $
Lead Docket: None
Related Cases: None
Case in other court: Middlesex Superior Court, 03-04260
Cause: 42:1983 Civil Rights Act

Date Filed: 11/18/03
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

------------------------

**Ermann Sully**                          represented by  **Murray P. Reiser**
                                                          Suite 3703
                                                          4 Longfellow Place
                                                          Boston, MA 02114
                                                          617-742-1810
                                                          Fax : 617-742-5761
                                                          Email: murrayp.reiser@verizon.net
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Joseph L. Tehan, Jr.**
                                                          Kopelman & Paige, PC
                                                          31 St. James Avenue
                                                          Boston, MA 02116
                                                          617-556-0007
                                                          Fax : 617-654-1735
                                                          Email: jtehan@k-plaw.com
                                                          *ATTORNEY TO BE NOTICED*

V.

**Defendant**

------------------------

**Fabiano Estrella**                      represented by  **Gregg J. Corbo**
                                                          Kopelman & Paige, PC
                                                          31 St. James Avenue
                                                          7th Floor
                                                          Boston, MA 02116
                                                          617-556-0007
                                                          Fax : 617-654-1735
                                                          Email: gcorbo@k-plaw.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

**Joseph L. Tehan, Jr.**
Kopelman & Paige, PC
7th Floor
31 St. James Avenue
Boston, MA 02116
617-556-0007
Fax : 617-654-1735
Email: jtehan@k-plaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Murray P. Reiser**
4 Longfellow Place
Boston, MA 02114
617-742-1810
Fax : 617-742-5761
Email: murrayp.reiser@verizon.net
*ATTORNEY TO BE NOTICED*

**Town of Randolph**          represented by  **Gregg J. Corbo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph L. Tehan, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Murray P. Reiser**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Stephen Morse**          represented by  **Gregg J. Corbo**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph L. Tehan, Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Murray P. Reiser**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Filing Date | # | Docket Text |
|---|---|---|
| 11/18/2003 | 1 | NOTICE OF REMOVAL by Fabiano Estrella, Town of Randolph |

| | | |
|---|---|---|
| | | from Middlesex Superior Court, case number 03-4260. $ 150, receipt number 51775, filed by Fabiano Estrella, Town of Randolph.(Bell, Marie) (Entered: 11/20/2003) |
| 11/18/2003 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Cohen. (Bell, Marie) (Entered: 11/20/2003) |
| 11/18/2003 | 2 | ANSWER to Complaint (Notice of Removal) by Fabiano Estrella, Stephen Morse, Town of Randolph. c/s. (Bell, Marie) (Entered: 11/20/2003) |
| 12/03/2003 | 3 | NOTICE of Scheduling Conference. Scheduling Conference set for 1/5/2004 02:00 PM in Courtroom 18 before Chief Judge William G. Young. cc/cl.(Bell, Marie) (Entered: 12/03/2003) |
| 12/10/2003 | 4 | STATE COURT Record filed by Atty. Gregg J. Corbo. Certified Copy of Docket Sheet not attached. (Bell, Marie) (Entered: 12/12/2003) |
| 01/05/2004 | 5 | CERTIFICATION pursuant to Local Rule 16.1 by Fabiano Estrella. (Bell, Marie) (Entered: 01/07/2004) |
| 01/05/2004 | 6 | CERTIFICATION pursuant to Local Rule 16.1 by Town of Randolph.(Bell, Marie) (Entered: 01/07/2004) |
| 01/05/2004 | 7 | CERTIFICATION pursuant to Local Rule 16.1 by Stephen Morse. (Bell, Marie) (Entered: 01/07/2004) |
| 01/05/2004 | | ELECTRONIC Clerk's Notes for proceedings held before Judge William G. Young : Scheduling Conference held on 1/5/2004. The Court expains requirements of session. The Court inquires of counsel as to whether they want to proceed before a magistrate. The case is to go to ADR as of 4/04. Final Pretrial Memo due by 1/3/05. Jury Trial set for 2/7/05. Electronic Filing: Yes. Courtesy copy in paper of Dispositive Motions and appendices. (Bell, Marie) (Entered: 01/08/2004) |
| 01/05/2004 | | Jury Trial set for 2/7/2005 09:00 AM in Courtroom 18 before Chief Judge William G. Young. (Bell, Marie) (Entered: 01/08/2004) |
| 01/20/2004 | 8 | JOINT STATEMENT re scheduling conference. (Reiser, Murray) (Entered: 01/20/2004) |
| 01/20/2004 | 9 | CERTIFICATE OF CONSULTATION by Murray P. Reiser on behalf of all plaintiffs. (Reiser, Murray) (Entered: 01/20/2004) |

| 01/28/2004 | 10 | JOINT SCHEDULING STATEMENT. YOUNG, C.J. SO ORDERED AS THE CASE MANAGMENT SCHEDULING ORDER. Discovery due by 11/1/2004. Dispositive Motions due by 12/1/2004. (Bell, Marie) (Entered: 01/28/2004) |
| 04/02/2004 | 11 | Assented to MOTION to Amend *Complaint and Demand for Jury Trial* by Ermann Sully. (Attachments: # 1 Exhibit Amended Complaint and Demand for Jury Trial)(Reiser, Murray) (Entered: 04/02/2004) |
| 04/06/2004 | | Judge William G. Young : ELECTRONIC ORDER entered granting 11 Motion to Amend Complaint. cc/cl. (Bell, Marie) (Entered: 04/07/2004) |
| 04/06/2004 | 12 | AMENDED COMPLAINT against all defendants, filed by Ermann Sully.(Bell, Marie) (Entered: 04/07/2004) |
| 06/15/2004 | 13 | Joint MOTION for Protective Order by Fabiano Estrella, Stephen Morse, Ermann Sully, Town of Randolph. c/s.(Bell, Marie) (Entered: 06/17/2004) |
| 06/17/2004 | 14 | Judge William G. Young : PROTECTIVE ORDER entered AS MODIFIED. cc/cl.(Bell, Marie) (Entered: 06/17/2004) |
| 06/18/2004 | 15 | Joint MOTION to Extend Scheduling Order by Fabiano Estrella, Stephen Morse, Ermann Sully, Town of Randolph.(Bell, Marie) (Entered: 06/22/2004) |
| 06/23/2004 | | Judge William G. Young : ELECTRONIC ORDER entered RE: 15 Joint Motion to Extend Scheduling Order. MOTION ALLOWED SAVE THAT THE TRIAL DATE IS NOT EXTENDED. THE PARTIES MUST BE READY FOR TRIAL, AS AGREED, ON FEBRUARY 7, 2005. cc/cl. (Bell, Marie) (Entered: 06/23/2004) |
| 07/12/2004 | 16 | Assented to MOTION for Disclosure of Criminal Offender Record Information by Fabiano Estrella, Stephen Morse, Town of Randolph. (Bell, Marie) (Entered: 07/13/2004) |
| 07/12/2004 | 17 | CERTIFICATE OF CONSULTATION re 16 Assented to MOTION for Disclosure of Criminal Offender Record Information by Joseph L. Tehan Jr. on behalf of Fabiano Estrella, Stephen Morse, Town of Randolph. (Bell, Marie) (Entered: 07/13/2004) |
| 07/13/2004 | | Judge William G. Young : ELECTRONIC ORDER entered granting 16 Assented to Motion for Disclosure of Criminal Offender Record Information. cc/cl. (Bell, Marie) (Entered: 07/15/2004) |
| | | |

| 09/15/2004 | 18 | JOINT MOTION for Extension to Extend Scheduling Order to 10/31/04 for completion of depositions and designation of expert witnesses by Fabiano Estrella, Stephen Morse, Ermann Sully, Town of Randolph.(Bell, Marie) (Entered: 09/16/2004) |
|---|---|---|
| 09/21/2004 | 19 | Judge William G. Young : ORDER entered GRANTING re 16 MOTION for Disclosure filed by Town of Randolph, Ermann Sully, Fabiano Estrella, Stephen Morse. cc/cl.(Bell, Marie) (Entered: 09/21/2004) |
| 09/27/2004 | 20 | First MOTION to Compel *and Supporting Memorandum of Reasons* by Ermann Sully.(Reiser, Murray) (Entered: 09/27/2004) |
| 09/28/2004 |  | Judge William G. Young : ELECTRONIC ORDER entered granting 18 Motion for Extension of Time (Smith, Bonnie) (Entered: 09/28/2004) |
| 10/04/2004 | 21 | MOTION to Withdraw 20 First MOTION to Compel *and Supporting Memorandum of Reasons* by Ermann Sully.(Reiser, Murray) (Entered: 10/04/2004) |
| 10/05/2004 |  | Judge William G. Young : ELECTRONIC ORDER entered granting 21 Motion to Withdraw 20 First MOTION to Compel *and Supporting Memorandum of Reasons*. cc/cl. (Bell, Marie) (Entered: 10/05/2004) |
| 10/05/2004 |  | Withdrawal of motion: 20 First MOTION to Compel *and Supporting Memorandum of Reasons* filed by Ermann Sully. (Bell, Marie) (Entered: 10/05/2004) |
| 11/01/2004 | 22 | First MOTION for Extension of Time to November 30, 2004 to Designate Expert by Ermann Sully.(Reiser, Murray) (Entered: 11/01/2004) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 11/02/2004 09:43:20 | | |
| **PACER Login:** kp0169 | **Client Code:** | |
| **Description:** Docket Report | **Case Number:** | 1:03-cv-12298-WGY |
| **Billable Pages:** 3 | **Cost:** | 0.21 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

|  |  |
|---|---|
| ERMANN SULLY, <br><br>            Plaintiff <br><br> v. <br><br> FABIANO ESTRELA, STEPHEN MORSE and TOWN OF RANDOLPH, <br><br>          Defendants | JOINT SCHEDULING STATEMENT |

Pursuant to L.R. 16.1(D), the parties have conferred and propose the following Scheduling Statement:

I.  **DISCOVERY PLAN**

The parties propose the following discovery plan:

A.  Automatic Document Disclosure to be completed on or about February 2, 2004;

B.  All written discovery shall be completed by March 31, 2004

C.  All non-expert depositions are to be completed by July 15, 2004

D.  Plaintiff's expert witnesses shall be designated by August 1, 2004 and defendants' expert witnesses shall be designated within thirty (30) days after plaintiff's disclosure;

E.  All expert depositions shall be completed by November 1, 2004

II.  **MOTION SCHEDULE**

The parties propose the following schedule for the filing of motions:

A.  All dispositive motions are to be filed on or before December 1, 2004;

III.    ADR SCHEDULE

If the parties agree to submit this matter to alternative dispute resolution through the

Court sponsored Mediation Program, they shall schedule mediation for a mutual agreeable time

on or after August 1, 2004.

IV.    CERTIFICATIONS

L.R. 16.1 certifications of conferral will be filed separately.

V.    CONSENT TO TRIAL BY MAGISTRATE

The parties do not consent to trial by Magistrate.

VI.    TRIAL

This case will be placed on the Court's rolling trial list for February, 2005.


PLAINTIFF                                      DEFENDANTS

By his attorney,                               By their attorney,


/s/ Murray P. Reiser                           /s/ Gregg J. Corbo
_____                        _____
Murray P. Riser (BBO #416180)                  Joseph L. Tehan, Jr. (BBO# 494020)
Law Office of Murray P. Riser, P.C.            Gregg J. Corbo (BBO #641459)
4 Longfellow Place, Ste. 3703                  Kopelman and Paige, P.C.
Boston, MA 02114                               31 St. James Avenue
(617) 742-1810                                 Boston, MA 02116
                                               (617) 556-0007

209277/60700/0381

# EXHIBIT C

EXHIBIT

*Sully 1*
*11/5/4*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 03-12298-WGY

ERMANN SULLY,
                    Plaintiff

v.

FABIANO ESTRELA, STEPHEN MORSE,
and TOWN OF RANDOLPH,
                    Defendants.

## PLAINTIFF ERMANN SULLY'S ANSWERS TO DEFENDANTS FABIANO ESTRELLA, STEPHEN MORSE AND TOWN OF RANDOLPH'S FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1**
Please state your full name, date of birth, residential and business addresses, social security number, marital status, and the name(s) and date(s) of birth of your child(ren), if any.

**ANSWER NO. 1**

Ermann Sully
D.O.B.: 10-5-69
1 Putnam Garden, Apt. 1, Cambridge, MA 02139
Tufts University, 145 Harrison Avenue, Ste. 114, Boston, MA 02111
SS#: 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
Married
Kareem C. Sully: 6-29-93
Kiyanna L.M. Sully: 10-26-95
Ermann A. Sully Jr.: 7-7-96
Tristan D. Sully: 5-30-03

**INTERROGATORY NO. 2**
Please provide a complete and detailed recitation of your educational history, commencing with high school, indicating all degrees or certificates, and dates of same.

**ANSWER NO. 2**
Boston English High School: Diploma
Wentworth Institute of Technology: I received credit for various courses taken
Computer Processing Institute: Diploma Electronics and Computer Technology
Franklin Institute of Technology: AS Computer Engineering
Ratchford University: Bachelor's Degree in Information Technology

IBM Inc.: MCP Certificate
Computing Technology Associations:  A+ Professional Certificate; Network+ Certificate
HP Inc.:  Certified HP Tech.
Toshiba Inc.:  Certified Toshiba Tech.
Dell Inc.:  Certified Dell Tech.

INTERROGATORY NO. 3
Please provide a complete and detailed recitation of your work history, commencing subsequent
to your graduation from high school, providing in your response:

        a.      the identities and addresses of all employers;
        b.      the inclusive dates of your employment with each such employer;
        c.      the identity of your immediate supervisor at each place of employment;
        d.      your gross compensation at each place of employment;
        e.      your reason for leaving such place of employment.

ANSWER NO. 3
a.-e.  OBJECTION.  The plaintiff objects to this interrogatory on the grounds that it is overly
broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible
evidence as the plaintiff is not making a claim for lost wages.  Notwithstanding nor waiving said
objection, the plaintiff states that to the best of his recollection his work history for the ten years
prior to the incident is as follows:

Sullivan and Cogliano
Waltham, MA
1995 and again after 2000
Keith Nolfhi
My earnings varied with the different jobs
This was a temporary agency and I left for a permanent job

Bull Electronics
Brighton, MA
Temporary job before 1996
I do not recall my supervisor
Earnings were approximately $15-16/hr
Temporary job ended

NPC Computers
Waltham, MA
Temporary job before 1996
I do not recall my supervisor
Earnings were approximately $6.00/hr
Temporary job ended

Casual Male
Boston, MA

Early 1990s
I do not recall my supervisor
Earnings were approximately $7.00/hr
Laid off

Radio Shack
Boston, MA
Early 1990s after Casual Male
A gentleman named Rick was my supervisor
Earnings were approximately $6.75/hr plus commissions
I do not recall why I left

7 Stars Computers
Haiti, West Indies
1996-2000
Self employed
I did not earn a profit
Sold company and moved to back to the United States

Siemens Business Service
Canton, MA
Spring 2001-Jan. 2003
Nick Zanelli was my supervisor
$38,000 per year
Laid off

Compucom Systems
Needham, MA
8-24-00 for a couple of weeks
I do not recall my supervisor
I do not recall my earnings
Temporary job ended

Tufts University
Boston, MA
April 2003 to present
Kevin Murphy
My earnings are $50,000/year
Presently employed

## INTERROGATORY NO. 4
Please state any injury or illness, whether emotional, mental or physical from which you suffered
in the five (5) year period prior to the occurrences set forth in the Complaint.

## ANSWER NO. 4
OBJECTION. The plaintiff objects to this interrogatory on the grounds that it is overly broad,

unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding nor waiving said objection, the plaintiff states that to the best of his recollection I have not suffered from any injury or illness in the five year period prior to the occurrences set forth in the Complaint.

INTERROGATORY NO. 5
Please describe the occurrences at issue in the Complaint by stating the date and time of day on which they occurred, and the exact geographical or physical location at which they occurred.

ANSWER NO. 5
The occurrences stated in the Complaint happened at many different locations and at various times. The first set of occurrences began on April 20, 2001, at sometime between 11:00 p.m. and 12:00 a.m., at the Copa Grande Nightclub in Randolph. The various occurrences happened inside and outside the Club in the parking lot and the Randolph Police Station. The second set of occurrences began on North Main Street in Randolph where I was pulled over and arrested on April 21, 2001 sometime between 2:00 a.m. and 3:00 a.m. I was taken again to the Randolph Police Station.

INTERROGATORY NO. 6
Please describe in full and complete detail how the occurrences occurred, stating both what you observed and what you did in their order of occurrence.

ANSWER NO. 6
On April 20, 2001 sometime between 11:00 p.m. and 12:00 a.m. I was at the Copa Grande Nightclub ("Copa") in Randolph. I was speaking with Rose Etienne ("Etienne") when a security bouncer named Scott Seto ("Seto") pushed into Etienne and rudely yelled at her to move. In doing so, he push Etienne into me. I told Seto that he did not have to push Etienne and as a result, Seto told me I had to leave the club. As I was leaving, Officer Estrela appeared out of nowhere and grabbed and pushed me outside. Once outside Officer Estrela pushed and banged me against a brick wall and kicked me to my knees. Officer Estrela then further pushed me down with his knee. At one point Officer Estrela was choking me against the brick wall. Officer Estrela told me that he would make my life miserable if I were to say anything as he continued to assault, batter and handcuff me. Officer Estrela took me to a cruiser and banged my head against the doorframe as he put me in it. While I was in the cruiser, Officer Estrela kicked me with his knee several times. I was then taken to the Randolph Police Station and booked for Assault and Battery and Assault and Battery with a Dangerous Weapon, a shod foot.

Approximately two to three hours later, I was released after the magistrate's fee was paid. Etienne drove me back to the Club parking lot to retrieve my car. I noticed a police cruiser parked nearby when we approached the parking lot. I entered my car and exited the parking lot of the Club. Approximately ten seconds after leaving the parking lot, I was pulled over by Officer Morse who was operating the police cruiser that I saw just before entering the parking lot of the Copa. Officer Morse had received a radio dispatch informing him that I was being released from jail as a result of an arrest earlier that night and that I may retrieve my car from the parking lot. Officer Morse was further informed from dispatch that I would be unable to drive due to my intoxication. The Randolph Police Department arranged for me to be arrested for a

second time. Officer Morse pulled me over and requested I perform three field sobriety tests. I performed and passed each test, however Officer Morse still placed me under arrest and charged me with Operating Under the Influence and Operating to Endanger. I was again transported to the Randolph Police Station but this time I was taken in the K-9 Unit vehicle.

On the evening of April 21, 2001, I visited the Emergency Department at Brigham and Women's Hospital for treatment of the injuries sustained as a result of Officer Estrela's abusive conduct. I was diagnosed with cervical and lumbar strain status post assault and was advised to stay out of work for a few days. I sought additional medical treatment including psychiatric care following the incident as a result of sleep problems, irritability, and anxiety.

INTERROGATORY NO. 7
Please state whether within the twenty-four (24) hour period prior to the occurrences, you ingested or imbibed any alcoholic beverage or drug, whether prescription or otherwise.

ANSWER NO. 7
I ingested alcohol in the 24 hours prior to the occurrences.

INTERROGATORY NO. 8
If your answer to the preceding interrogatory is in the affirmative, please provide the exact nature and amount of each alcoholic beverage or drug ingested or imbibed by you, and the time of your ingesting or imbibing same.

ANSWER NO. 8
I had one shot and a beer that I did not get to finish.

INTERROGATORY NO. 9
Please provide the name and address of each person (other than your attorneys) known by you to have witnessed or to have knowledge concerning the occurrences set forth in the Complaint.

ANSWER NO. 9
Objection. The plaintiff objects to this interrogatory as it is too broad. It is impossible for the plaintiff to know all persons who either witnessed or have knowledge of the occurrences set forth in the Complaint. Notwithstanding nor waiving said objection, the plaintiff states that in addition to the defendants, the following people have knowledge concerning the occurrences in the Complaint:

Rose Etienne
Berveline Etienne
Bony Alexis
Christophe Daniel
Stanley Osias
Frank D. Camera, Esq.
Scott Seto
Officer Seigal
Lieutenant Connors

Officer Abramson
Officer Libby

## INTERROGATORY NO. 10

Please state:

    a.    the name and address of each person whom you or your attorney expect to call as an expert witness at the trial of this action;

    b.    the subject matter on which each expert is expected to testify;

    c.    the substance of the facts and opinions to which each expert is expected to testify and ;

    d.    the grounds for each such opinion of each expert witness. (The plaintiff is further respectfully referred to Fed.R.Civ.P.26(a)(2)(B) with respect to further disclosure of expert information).

## ANSWER NO. 10

The plaintiff states that no decisions regarding experts have been made at this time. The plaintiff reserves the right to supplement this response.

## INTERROGATORY NO. 11

Please give an account, itemized as fully and completely as possible, of all losses which you or your legal representatives are claiming you incurred as a result of the occurrences set forth in the Complaint, including but not limited to those losses which are attributable to hospital, medical or mental health care and treatment, loss of earnings and loss of earning capacity.

## ANSWER NO. 12

| | | |
|---|---|---|
| a. Brigham and Women's Hospital | $ | 841.95 |
| b. Codman Square Chiropractic | $ | 865.00 |
| c. Brigham and Women's Hospital Department of Psychiatry | $ | 551.00 |
| d. Cab fare from police station | $ | 35.00 |
| e. Towing | $ | 95.00 |
| f. Legal fees paid to Attorney Camera | $ | 1,700.00 |
| g. Reinstatement of license fee | $ | 50.00 |

## INTERROGATORY NO. 12

Please set forth in full and complete detail the nature and extent of all injuries, both physical, emotional or mental in nature, allegedly suffered by you as the result of the occurrences set forth in the Complaint, including in your response:

    a.    the name and address of each hospital, medical professional and mental health professional which rendered treatment to you, providing a complete description of the treatment you received, and the inclusive dates thereof;

    b.    the dates between which you were absent from your employment and/or school as a result of the occurrences set forth in the Complaint.

ANSWER NO. 12
a-b.

Brigham and Women's Hospital
75 Francis Street
Boston, MA 02115

On April 21, 2001 I was treated for neck pain and low back pain as well as discomfort in my left leg at the Brigham Emergency Department. X-rays were taken of the cervical and lumbosacral spine which revealed no evidence of fracture or dislocation. I was diagnosed with cervical and lumbar strain status post assault and was discharged home and advised to take Motrin 800 mg as well as Valium 5 mg as needed. I was informed I had a partial impairment of 5% but would be able to return to work on April 25, 2001.

Codman Square Chiropractic
503 Washington Street
Dorchester, MA 02124

My initial evaluation was on April 23, 2001. I was treated with spinal adjustments and manipulations on April 23, 25, 26, 27, and 30, 2001 as well as May 2 and 4, 2001 for cervicocranial syndrome, thoracic sprain/strain and lumbar sprain/strain. I was allowed to return to work on April 25, 2001 with no heaving lifting over 50 pounds.

Brigham and Women's Hospital
Department of Psychiatry
221 Longwood Avenue, 4th Floor
Boston, MA 02115

On August 24, 2001 was treated at the Department of Psychiatry for sleep problems, nightmares, anxiety, irritability and unresponsiveness, and depression. I was also experiencing difficulty traveling near or to Randolph feeling like Randolph police were out to get me. I was diagnosed with post traumatic stress disorder and treated accordingly on September 12, and 25, 2001, and on October 16, 2001.

INTERROGATORY NO. 13
If any statement has been taken from the defendants, their agents, servants or employees, whether written or oral, or received from any person including yourself regarding in any way the occurrences set forth in the Complaint, please state:

    a.     the name and address of the person from whom each such statement was obtained;
    b.     the date of any such statement;
    c.     the substance of any such statement;
    d.     the name and address of the person, firm or corporation presently in possession or custody of such statement.

ANSWER NO. 13
I am unaware of any statements from the defendants other than trial testimony in the criminal actions against me as a result of the incidents set forth in my Complaint and the police reports of the defendants.

INTERROGATORY NO. 14
Please set forth the factual basis for your contention that "[t]he Randolph Police Department arranged for Sully to be arrested for a second time for the purposes of harassment, embarrassment and humiliation and to deprive him of his liberty under the color of law," as set forth in Paragraph 19 of the Complaint.

ANSWER NO. 14

According to Officer Morse's Formal Report he received a radio dispatch stating that I might try to get my car at the nightclub and that I had been arrested already that night and was being released after bail. The report also stated that dispatch informed Officer Morse that I would be unable to drive due to my intoxication. Officer Morse pulled me over requested that I perform field sobriety tests and I passed them. However, Officer Morse arrested me anyways. Furthermore, the trial transcript and specifically Officer Morse's testimony also indicates that I passed the field sobriety tests but was arrested anyways. If I was intoxicated the police should have kept me in protective custody so that I would not have driven. I was not intoxicated and did not break the law when I was driving from the nightclub. The Randolph police arranged to have me arrested the second time when they called Officer Morse and told him I would be unable to drive and they did this with the intent to harass, embarrass and humiliate me. By arranging my second arrest, pulling me over, asking me to perform field sobriety tests and arresting me they violated my rights and deprived me of my rights and liberty. Furthermore, I was found not guilty of Operating Under the Influence and Operating to Endanger.

INTERROGATORY NO. 15
Please set forth the factual basis for your contention that defendant Estrella "...arrested [you] without probable cause and with excessive force...[and] maliciously instituted a criminal action against [you] without probable cause,' as set forth in Paragraph 28 of the Complaint.

ANSWER NO. 15
Officer Estrela had absolutely no justification for arresting me because he had no probable cause to believe I had committed a crime. Officer Estrela lied in his Formal Report stating that he had spoken with Bony Alexis who said that I had been yelling and that I had punched Mr. Alexis and kicked him. Bony Alexis signed an Affidavit that I never struck him or kicked him and that he never said anything to the contrary to the police officers. Officer Estrela assaulted, battered and arrested me for no reason. He made several attempts to instigate me into fighting and resisting him however I never responded. He pushed me, beat me, choked me and deliberately struck my head against the police cruiser door frame when putting me into the police cruiser. He further kicked me while I was handcuffed in the cruiser. The trial transcript and specifically Officer Estrela's testimony also indicates that he maliciously prosecuted me by lying under oath. The charges brought against me as a result of Officer Estrela's lies that I struck and kicked Mr. Alexis were dismissed.

INTERROGATORY NO. 16

Please set forth in detail the "threats, intimidation and coercion" which you ascribe to defendant Estrella in Paragraph 32 of the Complaint.

ANSWER NO. 16

In addition to my answer to Interrogatory Number 15, Officer Estrela told me that he would make my life miserable if I were to say anything as he continued to assault, batter and handcuff me.

INTERROGATORY NO. 17

Please set forth the factual basis for your contention that defendant Morse "...arrested [you] without probable cause ... and maliciously instituted a criminal action against [you] without probable cause, as set forth in Paragraph 52 of the Complaint.

ANSWER NO. 17

Please see my Answer to Interrogatory Number 14.

INTERROGATORY NO. 18

Please set forth in detail the "threats, intimidation and coercion" which you ascribe to defendant Morse in Paragraph 56 of the Complaint.

ANSWER NO. 18

Please see my Answer to Interrogatory Number 14.

INTERROGATORY NO. 19

Please set forth the factual basis for your contention that "[t]he Town of Randolph negligently and carelessly trained and supervised . . . officers [Estrella and Morse]," as set forth in Paragraph 76 of the Complaint.

ANSWER NO. 19

The Town of Randolph, by its employee, Officer Estrela, who was acting within the scope of his employment and official capacities as a Randolph police officer, negligently applied force and/or excessive force to me during my arrest so as to cause me to sustain a personal injury. The Town of Randolph, by its employee, Officer Morse, who was acting within the scope of his employment and official capacities as a Randolph police officer, negligently arrested me without probable cause. The police officers were not properly trained on the issues of probable cause to arrest and were not adequately and properly supervised to ensure that they would not make false and wrongful arrests and that they would not deprive me and other citizens of their rights and privileges under the United States and Massachusetts Constitutions. Had the Town of Randolph properly trained their police officers I would not have been arrested and subjected to the abuse,

harassment, embarrassment and humiliation I was caused to endure and continue to endure as a result of the officers' wrongful actions.

SIGNED UNDER THE PENALTIES OF PERJURY THIS _/_ DAY OF MARCH, 2004

_____
Ermann Sulty

As to objections:

_____
Murray P. Reiser, BBO# 416180
Law Office of Murray P. Reiser, P.C.
4 Longfellow Place, Suite, 3703
Boston, MA 02114
(617) 742-1810


**CERTIFICATE OF SERVICE**

I, Erica E. Jolie, hereby certify that a true copy of the foregoing documents was served upon the attorney of record for each party on this _1st_ day of March, 2004 via hand delivery/~~first class mail.~~

_____
Erica E. Jolie

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 03-12298-WGY

ERMANN SULLY,
                    Plaintiff

v.

FABIANO ESTRELA, STEPHEN MORSE,
and TOWN OF RANDOLPH,
                    Defendants.

**PLAINTIFF ERMANN SULLY'S SUPPLEMENTAL ANSWERS TO DEFENDANTS
FABIANO ESTRELLA, STEPHEN MORSE AND TOWN OF
RANDOLPH'S FIRST SET OF INTERROGATORIES**

INTERROGATORY NO. 6
Please describe in full and complete detail how the occurrences occurred, stating both what you
observed and what you did in their order of occurrence.

ANSWER NO. 6
On April 20, 2001 sometime between 11:00 p.m. and 12:00 a.m. I was at the Copa Grande
Nightclub ("Copa") in Randolph. I was speaking with Rose Etienne ("Etienne") when a security
bouncer named Scott Seto ("Seto") pushed into Etienne and rudely yelled at her to move. In
doing so, he push Etienne into me. I told Seto that he did not have to push Etienne and as a
result, Seto told me I had to leave the club. As I was beginning to leave the club, Seto put a hand
on my back and attempted to push me out. I turned around and told him that I was leaving and
not to touch me, so he took his hand off my back. The club was very crowded and I could not
move very fast, however as I was trying get around everyone and leave the club, Seto put his
hand on my back again. I again told him that I was leaving and not to touch me. Bony Alexis
then grabbed my upper arms and asked me what was going on. I told him I was leaving the club.
At that point, Officer Estrela appeared out of nowhere and grabbed and pushed me outside.
Once outside Officer Estrela pushed and banged me against a brick wall and kicked me to my
knees. Officer Estrela then further pushed me down with his knee until I was face down on the
ground with Estrela's knee pressed against the back of my neck. At one point Officer Estrela
was choking me against the brick wall. Officer Estrela told me that he would make my life
miserable if I were to say anything as he continued to assault, batter and handcuff me. Officer
Estrela took me to a cruiser and banged my head against the doorframe as he put me in it. While
I was in the cruiser, Officer Estrela kicked me with his knee several times. I was then taken to
the Randolph Police Station and booked for Assault and Battery and Assault and Battery with a
Dangerous Weapon, a shod foot.

Approximately two to three hours later, I was released after the magistrate's fee was paid. Etienne drove me back to the Club parking lot to retrieve my car. I noticed a police cruiser parked nearby when we approached the parking lot. I entered my car and exited the parking lot of the Club. Approximately ten seconds after leaving the parking lot, I was pulled over by Officer Morse who was operating the police cruiser that I saw just before entering the parking lot of the Copa. Officer Morse had received a radio dispatch informing him that I was being released from jail as a result of an arrest earlier that night and that I may retrieve my car from the parking lot. Officer Morse was further informed from dispatch that I would be unable to drive due to my intoxication. The Randolph Police Department arranged for me to be arrested for a second time. Officer Morse pulled me over and requested I perform three field sobriety tests. I performed and passed each test, however Officer Morse still placed me under arrest and charged me with Operating Under the Influence and Operating to Endanger. I was again transported to the Randolph Police Station but this time I was taken in the K-9 Unit vehicle.

On the evening of April 21, 2001, I visited the Emergency Department at Brigham and Women's Hospital for treatment of the injuries sustained as a result of Officer Estrela's abusive conduct. I was diagnosed with cervical and lumbar strain status post assault and was advised to stay out of work for a few days. I sought additional medical treatment including psychiatric care following the incident as a result of sleep problems, irritability, and anxiety.

SIGNED UNDER THE PENALTIES OF PERJURY THIS 24 DAY OF AUGUST, 2004

Ermann Sully

As to objections:

Murray P. Reiser, BBO# 416180
Law Office of Murray P. Reiser, P.C.
4 Longfellow Place, Suite, 3703
Boston, MA 02114
(617) 742-1810

## CERTIFICATE OF SERVICE

I, Erica E. Jolie, hereby certify that a true copy of the foregoing documents was served upon the attorney of record for each party on this 25 day of August, 2004 via hand delivery/first class mail.

Erica E. Jolie

2

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

2004 JUN 18 P 1:26

ERMANN SULLY,

U.S. DISTRICT COURT
Plaintiff   DISTRICT OF MASS

v.

FABIANO ESTRELA, STEPHEN MORSE and
TOWN OF RANDOLPH,

Defendants

JOINT MOTION TO EXTEND
SCHEDULING ORDER

Now come the parties in the above-referenced case, and hereby move, pursuant to

L.R. 16.1(G), that this Honorable Court extend all deadlines contained in the Joint

Scheduling Order for this case by sixty (60) days.

As good cause therefor, the parties rely on the within Memorandum of Reasons:

## MEMORANDUM OF REASONS

1.  According to the Joint Scheduling Order in this case all written discovery was to

be completed by March 31, 2004 and all non-expert depositions are to be completed by

July 15, 2004.

2.  Both parties have substantially complied with the Order and have completed

written discovery except the parties have agreed to supplement certain discovery

responses, including Defendant Officers' personnel files, which will be released upon the

Court's allowance of the Joint Motion for a Protective Order filed on June 11, 2004.

3.  Because the Plaintiff does not have the Officers' personnel files and other

supplemental discovery he is unable to depose the Officers.

4.  Additionally, there are numerous non-party witnesses to depose.  Notwithstanding

the defendants' best efforts to locate the non-party witnesses, there have been delays in

1

locating these witnesses. The defendants have scheduled depositions for two of the five non-party witnesses and have just recently been able to locate one of the others and will schedule a deposition of that witness forthwith. The other two witnesses have yet to be located.

5. Notwithstanding both parties' diligence in attempting to schedule depositions it is unlikely that the parties will be able to complete depositions of all non-expert witnesses by July 15, 2004.

WHEREFORE, in view of the foregoing, it is respectfully requested that the time for completion of the depositions in the Joint Scheduling Order be extended from July 15, 2004 to September 15, 2004, that the time for designation of plaintiff's expert witnesses be extended from August 1, 2004 to October 1, 2004 with all expert depositions completed by January 1, 2005, that all dispositive motions be filed on or before February 1, 2005; that if the parties agree to submit this matter to alternative dispute resolution they will schedule mediation on or after October 1, 2004; and that the case be placed on the Court's rolling trial list for April 2005.

COUNSEL TO DEFENDANTS
FABIANO ESTRELA,
STEPHEN MORSE, AND
TOWN OF RANDOLPH

Joseph L. Tehan, Jr. (BBO #494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

#223553/METG/60700-0381

COUNSEL TO PLAINTIFF

Murray P. Reiser (BBO #416180)
Law Office of Murray P. Reiser, P.C.
4 Longfellow Place, Suite 3703
Boston, MA 02114
(617) 742-1810

2

# EXHIBIT F

LEONARD KOPELMAN
DONALD G. PAIGE
ELIZABETH A. LANE
JOYCE FRANK
JOHN W. GIORGIO
BARBARA J. SAINT ANDRE
JOEL B. BARD
JOSEPH L. TEHAN, JR.
THERESA M. DOWDY
DEBORAH A. ELIASON
RICHARD BOWEN
DAVID J. DONESKI
JUDITH C. CUTLER
KATHLEEN E. CONNOLLY
DAVID C. JENKINS
MARK R. REICH
BRIAN W. RILEY
DARREN R. KLEIN
JONATHAN M. SILVERSTEIN
ANNE-MARIE HYLAND
JASON R. TALERMAN
GEORGE X. PUCCI

EDWARD M. REILLY
DIRECTOR WESTERN OFFICE

**KOPELMAN AND PAIGE, P. C.**

ATTORNEYS AT LAW

31 ST. JAMES AVENUE

BOSTON, MASSACHUSETTS 02116-4102

(617) 556-0007
FAX (617) 654-1735

PITTSFIELD OFFICE
(413) 443-6100

NORTHAMPTON OFFICE
(413) 585-8632

WORCESTER OFFICE
(508) 752-0203

WILLIAM HEWIG III
JEANNE S. McKNIGHT
KATHLEEN M. O'DONNELL
PATRICIA A. CANTOR
THOMAS P. LANE, JR.
MARY L. GIORGIO
THOMAS W. MCENANEY
KATHARINE GOREE DOYLE
LAUREN F. GOLDBERG
JEFFREY A. HONIG
MICHELE E. RANDAZZO
GREGG J. CORBO
RICHARD T. HOLLAND
ELIZABETH R. CORBO
MARIA C. ROTA
VICKI S. MARSH
JOHN J. GOLDROSEN
SHIRIN EVERETT
BRIAN E. GLENNON, II
JONATHAN D. EICHMAN
JOSEPH S. FAIR
LAURA H. PAWLE
CAROLYN M. MURRAY
JACKIE COWIN
SARAH N. TURNER
JEFFREY T. BLAKE
R. ERIC SLAGLE

September 14, 2004

Office of the Civil Clerk
United States District Court
United States Courthouse
1 Courthouse Way
Boston, MA 02210

Re:   Ermann Sully v. Fabiano Estrela, Stephen Morse and Town of Randolph
      U.S. District Court, C.A. No. 03-12298-WGY

Dear Sir or Madam:

Enclosed herewith for filing please find Joint Motion to Extend Scheduling Order.

Thank you for your attention to this matter.

Very truly yours,

Jeffrey T. Blake

JTB/jmb
Enc.
cc:   Murray P. Reiser, Esq.
      Andrew P. Shepley (GFMS #210440)

231111/METG/0381

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

ERMANN SULLY,

                    Plaintiff

v.

FABIANO ESTRELA, STEPHEN MORSE and
TOWN OF RANDOLPH,

                    Defendants

JOINT MOTION TO EXTEND
SCHEDULING ORDER

Now come the parties in the above-referenced case, and hereby move, pursuant to L.R. 16.1(G), that this Honorable Court extend the deadline for completion of depositions and the designation of expert witnesses contained in the Amended Joint Scheduling Order for this case to October 31, 2004.

As good cause therefor, the parties rely on the within Memorandum of Reasons:

## MEMORANDUM OF REASONS

1.  According to the Amended Joint Scheduling Order in this case all depositions of non-expert witnesses are to be completed by September 15, 2004.

2.  Both parties have substantially complied with the Order and have completed or partially completed all depositions of the non-expert witnesses in this case except for four.

3.  Plaintiff's counsel has started by not completed the Fed.R.Civ.P. 30(b)(6) deposition of the Town and the deposition of Lt. Kevin Connors Randolph Police Department (retired) remains to be taken.  Lt. Connors was involved in the arrest of the plaintiff.

1

4.  Defendants subpoenaed Rose Etienne, a non-party witness who accompanied the plaintiff on the night the alleged civil rights violations took place; however, Ms. Etienne failed to attend the deposition. Ms. Etienne was to be deposed on August 10, 2004. See Exhibit A. Ms. Etienne was a witness to the arrest and release of the plaintiff and is a material witness to the case. Ms. Etienne' deposition will be re-noticed.

5.  Additionally, another material non-party witness', Mr. Bony Alexis, address has just recently been discovered by the parties. Mr. Alexis lives in Florida, thus service of a subpoena and the logistics of scheduling the deposition are further compounded. Mr. Alexis is material to this matter because he was allegedly involved in the initial altercation that gave rise to the plaintiff's arrest.

6.  Notwithstanding both parties' diligence in attempting to schedule depositions it is unlikely that the parties will be able to complete depositions of all non-expert witnesses by September 15, 2004.

WHEREFORE, in view of the foregoing, it is respectfully requested that the time for completion of the depositions and the designation of expert witnesses in the Amended Joint Scheduling Order be extended from September 15, 2004 to October 31, 2004, and that all other deadlines remain unchanged.

COUNSEL TO DEFENDANTS
FABIANO ESTRELA,
STEPHEN MORSE, AND
TOWN OF RANDOLPH

Joseph L. Tehan, Jr. (BBO #494020)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA 02116
(617) 556-0007

COUNSEL TO PLAINTIFF

Murray P. Reiser (BBO #416180)
Law Office of Murray P. Reiser, P.C.
4 Longfellow Place, Suite 3703
Boston, MA 02114
(617) 742-1810

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail hand on 4/14/2004

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 03-12298-WGY

ERMANN SULLY,
                    Plaintiff

v.

FABIANO ESTRELA, STEPHEN MORSE,
and TOWN OF RANDOLPH,
                    Defendants.

## PLAINTIFF'S MOTION TO EXTEND DEADLINE FOR DESIGNATING A WITNESS AS AN EXPERT WITNESS AND SUPPORTING MEMORANDUM OF REASONS

Now comes the plaintiff, Ermann Sully, and hereby requests this Honorable Court grant his Motion to Extend Deadline for Designating a Witness as an Expert Witness. The plaintiff is seeking this relief because the defense counsel stated he will object to the introduction into evidence at trial of the medical records of the treating physician of the plaintiff and will object to the treating physician testifying at trial. In order to protect himself, the plaintiff will designate his treating physician as an expert at this time, although he does not believe he will be required to have the treating physician testify as an expert at the trial of this matter. In order to do so in accordance with the Federal Rules of Civil Procedure, the plaintiff will need additional time in which to obtain the curriculum vitae of the physician and other required disclosures pertaining to the expert. As grounds for this Motion the plaintiff states as follows:

1. The parties have been very busy conducting depositions of the witnesses in this case over the last few months. Specifically, the parties just completed witness depositions last Thursday, October 28, 2004. The parties have had to request extensions of the deposition deadline on two different occasions due to the difficulty in obtaining and securing

witnesses. As a result additional discovery, including discovery pertaining to expert witnesses, has also been delayed.

2. The plaintiff served upon the defendants, pursuant to the mandatory disclosures of Local Rule 35.1 United States District Court, District of Massachusetts, all medical records relating to the treatment plaintiff received following the incident which is the subject of this case.

*State Procedure not operative in fed trial* [handwritten]

3. Plaintiff's counsel, Attorney Reiser, on this date contacted defense counsel, Attorney Tehan, to inform him that plaintiff intended to introduce into evidence at trial pursuant to M.G.L. Chapter 111, Section 70 and Chapter 233, Section 79G the medical records already produced by the plaintiff pursuant to the mandatory initial disclosures. Attorney Reiser further stated that he did not intend to designate an expert because he will introduce the contemporaneous medical notes of the treating physician and may have the treating physician testify at the trial of this action only with respect to what is already written in said contemporaneous medical notes. Attorney Tehan stated he would object to the introduction of this evidence at trial but would not tell Attorney Reiser why he would object. Attorney Tehan also said he would object to the treating physician testifying at the trial of this matter.

*disputed* [handwritten] *MIS read law* [handwritten]

4. As a result of Attorney Tehan's intended objections, Attorney Reiser requested an extension to designate the treating physician as an expert but Attorney Tehan refused to grant said extension. The plaintiff would only designate one treating physician, G. Chinman, M.D., the psychiatrist whom the plaintiff only saw four times. The plaintiff would not have the Emergency Room doctor nor the chiropractor designated as an expert.

5.  Attorney Reiser requested said extension to cover all bases and to protect the plaintiff's interests even though plaintiff does not believe it will be necessary to call the treating physician as an expert witness. The treating physician's notes written contemporaneous with treatment, are clear, concise and thorough and provide causation of the injuries relating same to the incident and therefore are admissible into evidence. As a result, it seems that an expert's opinion is unnecessary. *Please see medical records attached hereto which the plaintiff intends to introduce into evidence at the trial of this matter, which will be physically brought to the court tomorrow.*

6.  The plaintiff has concern due to the mysterious objection of the defendant that the plaintiff will be unable to introduce these medical records into evidence and further that the treating physician will be unable to testify at trial as to his treatment of the plaintiff and notes regarding same.

7.  As such, the plaintiff requests an additional thirty (30) days in which to obtain the materials required under Rule 26(a)(2) of the Federal Rules of Civil Procedure pertaining to designated expert witnesses, however, indicates that the medical records already produced would be the basis for any designated witness.

For the reasons set forth above, the plaintiff, Ermann Sully, requests this Honorable Court grant his Motion to Extend the Deadline for Designating a Witness as an Expert Witness for thirty days to November 30, 2004. In the alternative, the plaintiff requests this Court declare that the medical records of the plaintiff's treatment be admissible into evidence at the trial of this matter as long as the plaintiff complies with the requirements of M.G.L. Chapter 111, Section 70, Chapter 233, Section 79G and Federal Rules of Evidence 803 and 902.

*Research how this operates*

DATED:                          Respectfully submitted,
                                By the Plaintiff,
                                By his attorney,

                                /s/ Murray P. Reiser
                                _____
                                Murray P. Reiser, BBO# 416180
                                Law Office of Murray P. Reiser, P.C.
                                4 Longfellow Place, Suite, 3703
                                Boston, MA 02114
                                (617) 742-1810

### CERTIFICATE OF SERVICE

I, Murray P. Reiser, hereby certify that a true copy of the foregoing documents was served upon the attorney of record for each party on this 1st day of November, 2004 via first class mail.

                                /s/ Murray P. Reiser
                                _____
                                Murray P. Reiser