UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO.: 03-12298-WGY

ERMANN SULLY,
        Plaintiff

v.

FABIANO ESTRELA, STEPHEN MORSE,
and TOWN OF RANDOLPH,
        Defendants.

### PLAINTIFF'S OBJECTIONS TO THE DEFENDANTS' FED.R.CIV.P. 26(a)(3) PRE-TRIAL DISCLOSURES

Pursuant to Rule 26(a)(3) of the Federal Rules of Civil Procedure the plaintiff objects to the defendants' pretrial disclosures as follows:

(B) The plaintiff has no objection to the defendant introducing deposition transcripts of witnesses who are deemed unavailable provided that objections to the testimony shall be allowed at the time of trial as if said testimony was live. Additionally, the plaintiff requests at least 5 days notice of any witness known to defendants to be unavailable to testify live at trial and whose testimony will be provided through their deposition.

(C)
1. Plaintiff has no objection as long as introduced in its entirety.
2. Plaintiff has no objection as long as introduced in its entirety.
3. Plaintiff has no objection as long as introduced in its entirety.
4. Plaintiff has no objection as long as introduced in its entirety.
5. Plaintiff objects on the grounds of relevancy.
6. Plaintiff objects to the defendant using defendant's answers to interrogatories as a self-serving statement at the time of trial. Defendant may not introduce answers to interrogatories into evidence until plaintiff introduces the answers into evidence and then only those answers relating to the answer originally addressed by the plaintiff may be entered into evidence.
7. Plaintiff objects to the defendant using defendant's answers to interrogatories as a self-serving statement at the time of trial. Defendant may not introduce answers to interrogatories into evidence until plaintiff introduces the answers into evidence and then only those answers relating to the answer originally addressed by the plaintiff may be entered into evidence.
8. Plaintiff objects to the defendant using defendant's answers to interrogatories as a self-serving statement at the time of trial. Defendant may not introduce answers to interrogatories into evidence until plaintiff introduces the answers into evidence and then only those answers relating to the answer originally addressed by the plaintiff may be entered into evidence.
9. Plaintiff objects to the defendant using defendant's answers to interrogatories as a self-serving statement at the time of trial. Defendant may not introduce answers

              to interrogatories into evidence until plaintiff introduces the answers into evidence and then only those answers relating to the answer originally addressed by the plaintiff may be entered into evidence.

10. Plaintiff objects to the defendant using defendant's answers to interrogatories as a self-serving statement at the time of trial. Defendant may not introduce answers to interrogatories into evidence until plaintiff introduces the answers into evidence and then only those answers relating to the answer originally addressed by the plaintiff may be entered into evidence.
11. Plaintiff objects to the defendant using defendant's answers to interrogatories as a self-serving statement at the time of trial. Defendant may not introduce answers to interrogatories into evidence until plaintiff introduces the answers into evidence and then only those answers relating to the answer originally addressed by the plaintiff may be entered into evidence.
12. Plaintiff has no objection.
13. Plaintiff has no objection.
14. Plaintiff objects to the introduction into evidence of the entire Randolph Police Department's Policy and Procedure Manual on the grounds of relevance and potential for confusion of the issues. Plaintiff does not object to those portions relating to the claims and defenses involved in this case such as Internal Affairs, Use of Force, Preliminary Investigations, Interviewing Witnesses and Victims, Arrest, Transportation of Prisoners, Booking Procedures and the Holding Facility, Protective Custody of Incapacitated Persons, Criminal Offender Record Information (C.O.R.I.), and Response to Calls.
15. Plaintiff objects to the introduction into evidence of the entire Randolph Police Department's Policy and Procedure Manual on the grounds of relevance and potential for confusion of the issues. Plaintiff does not object to those portions relating to the claims and defenses involved in this case such as Law Enforcement Code of Ethics, Professional Conduct and Responsibilities, Privacy and Off-Duty Conduct, Conduct Unbecoming an Officer, Instructions from Dispatcher, Criminal Conduct, Upkeep of Police Manual, and Reports and subsections.

The plaintiff has no objection to the defendant introducing deposition transcripts of witnesses who are deemed unavailable provided that objections to the testimony shall be allowed at the time of trial as if said testimony was live. Additionally, the plaintiff requests at least 5 days notice of any witness known to defendants to be unavailable to testify live at trial and whose testimony will be provided through their deposition.

DATED: January 20, 2005                                By plaintiff's attorney,

                                                                   /s/ Murray P. Reiser
                                                                   _____
                                                                   Murray P. Reiser, BBO# 416180
                                                                   Law Office of Murray P. Reiser, P.C.
                                                                   4 Longfellow Place, Suite 3703
                                                                   Boston, MA 02114
                                                                   (617) 742-1810

## CERTIFICATE OF SERVICE

    I, Murray P. Reiser, hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party to this action on the 21st day of January, 2005 via hand delivery and via facsimile on the 20th day of January, 2005.

                                        /s/ Murray P. Reiser
                                        _____
                                        Murray P. Reiser