UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

ERMANN SULLY,

           Plaintiff

v.

FABIANO ESTRELA, STEPHEN MORSE and
TOWN OF RANDOLPH,

           Defendants

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REQUIRED DISCLOSURES
PURSUANT TO FED.R.CIV.P. 26 (a)(3)**

    Now come the defendants, Fabiano Estrela, Stephen Morse and the Town of Randolph, in the above captioned matter, and hereby object to the following disclosures made pursuant to Fed.R.Civ.P. 26(a)(3) by the plaintiff:

DEFENDANTS' OBJECTIONS TO THE PLAINTIFF'S WITNESSES TO BE
PRESENTED AT TRIAL

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (A) 6

    Plaintiff intends to call Frank D. Camera, Esq. to testify at trial.

    Defendants object pursuant to Fed.R.Evid. 402 to the presentation of Frank D. Camera, Esq. as a witness at trial, except to the extent necessary to authenticate and justify the reasonableness of his fees for criminal representation of the plaintiff.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (A) 11

    Plaintiff intends to call Dr. Joel N. Charles to testify at trial.

    Defendants object to the plaintiff's presentation of Dr. Joel N. Charles as a witness at trial. Plaintiff did not identify Dr. Charles as an expert witness within the period of time prescribed for such identification pursuant to Fed.R.Civ.P. 26 (a)(2)(C), as extended by order of the court.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (B)

The plaintiff intends to introduce the deposition transcript of Bony Mike Alexis in the event that he is unavailable at trial.

Defendants object to the introduction of the deposition transcript of Bony Alexis. Mr. Alexis was made available by the plaintiff for a deposition and plaintiff has advanced no reason why Mr. Alexis' presence could not be likewise secured for trial.

Plaintiff intends to introduce the deposition transcript of Rose Etienne.

Defendants object to the introduction of the deposition transcript of Ms. Etienne because she resides in Dorchester, Massachusetts, well within 100 miles of the place of trial. Thus, the criteria that must be satisfied in order to introduce deposition testimony at trial pursuant to Fed.R.Civ.P. 32(a)(3)(B) is not met and the use of her deposition transcript at trial in lieu of live testimony is not provided for by the above mentioned rule.

## DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED DOCUMENTS TO BE ADMITTED AT TRIAL

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 1

Plaintiff seeks to introduce the certified medical records and bill from Brigham and Women's Hospital for the plaintiff's treatment.

Defendants object to the introduction of the records to the extent that such records and bills address or reference issues of liability. See Ricciardi v. Children's Hospital Medical Center, 811 F.2d 18, 21-24 (1987); Petrocelli v. Gallison, 679 F.2d 286, 289-291 (1982).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 2

Plaintiff seeks to introduce the certified medical records and bill from Codman Square Chiropractic for the plaintiff's treatment.

Defendants object to the introduction of the records to the extent that such records and bills address or reference issues of liability. See Ricciardi v. Children's Hospital Medical Center, 811 F.2d 18, 21-24 (1987); Petrocelli v. Gallison, 679 F.2d 286, 289-291 (1982).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 3

Plaintiff seeks to introduce the certified medical records and bill from Brigham and Women's Hospital Department of Psychiatry for the plaintiff's treatment.

Defendants object to the introduction of the records to the extent that such records and bills address or reference issues of liability.  See Ricciardi v. Children's Hospital Medical Center, 811 F.2d 18, 21-24 (1987); Petrocelli v. Gallison, 679 F.2d 286, 289-291 (1982).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 4

Plaintiff seeks to introduce the certified medical report of Gary A. Chinman, M.D.

Defendants object to plaintiff's introduction of such report on hearsay grounds. See Fed.R.Evid. 801(c).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 5

Plaintiff seeks to introduce the Curriculum Vitae of Gary A. Chinman, M.D.

Defendants object to plaintiff's introduction of the Curriculum Vitae on hearsay grounds. See Fed.R.Evid. 801(c).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 6

Plaintiff seeks to introduce the affidavit of Bony Alexis.

Defendants object to plaintiff's introduction of the affidavit on hearsay grounds. See Fed.R.Evid. 801(c).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 7

Plaintiff seeks to introduce the audiotapes and transcripts of his criminal trial.

Defendants object to introduction of the audiotapes and transcript of the criminal trial on hearsay grounds, since the exception established in Fed.R.Evid. 804(1) is inapplicable.  Defendants further object pursuant to Fed.R.Evid. 402 on the basis that these materials are irrelevant to any claim to be decided in this matter and in any event, have not been properly or sufficiently authenticated by plaintiff.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 8

Plaintiff seeks to introduce the fee receipt for the tapes of his criminal trial.

Defendants object pursuant to Fed.R.Evid. 402 to plaintiff's introduction of a copy of plaintiff's criminal trial tapes fee receipt, except as to the issue of damages, as such fee receipt is otherwise irrelevant to any claim to be decided in this matter.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 9

Plaintiff seeks to introduce the so-called "tower tape" and transcript thereof from the Randolph Police Station.

Defendants object to plaintiff's introduction of the tower tape transcript, except to the extent that such transcript is utilized as a "chalk" by the jury to facilitate its understanding of the "tower tape." Defendants assert that the transcript should not be admitted into evidence because the best evidence is the tape itself. See Fed.R.Evid. 1002.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 10

Plaintiff seeks to introduce the transcript of the tower tape from the Randolph Police Station with the "agreed upon time record of same."

Defendants object to plaintiff's introduction of the transcript of the "tower tape" on the grounds set forth above. Further, plaintiff and the defendants have not agreed upon any time record because the digital readout sought to be introduced by plaintiff is inconsistent with the time as stated in the recorded communications between the officers on the tape. Therefore, the time records produced from the tower tape are inaccurate, inconsistent and unreliable and should be excluded pursuant to Fed.R.Evid. 403.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 11

Plaintiff seeks to introduce the written reprimand, notice of disciplinary findings and determinations regarding Officer Fabiano Estrela.

Defendants object pursuant to Fed.R.Evid. 403 and 404 to plaintiff's introduction of a) a Memorandum dated February 12, 2003, from Robert Churchill to Fabiano Estrela regarding a written reprimand and b) a Memorandum dated February 12, 2003, from Robert Churchill to Fabiano Estrela regarding notice of disciplinary findings and determinations, each such memorandum describing an event that occurred on December 19, 2002, as such memoranda would constitute improper propensity evidence, intended to persuade jurors to improperly infer Mr. Estrela's liability on certain claims brought against him in this matter. Defendants also object pursuant to Fed.R.Evid. 402, on the grounds that such memoranda are irrelevant to the negligent training claim, or any other claims to be decided in this matter, as the incident upon which the memoranda are based occurred after the date of the incident giving rise to the claims at issue.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 12

Plaintiff seeks to introduce the Internal Affairs investigation report and file regarding an investigation of Fabiano Estrela arising out of an off-duty interaction with Matthew Warren.

4

Defendants object pursuant to Fed.R.Evid. 403 and 404 to plaintiff's introduction of an Internal Affairs Investigation Report and file regarding Matthew Warren, as such items would constitute improper propensity evidence, intended to persuade jurors to improperly infer Mr. Estrela's liability on certain claims brought against him in this matter.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 13

Plaintiff seeks to introduce towing information for plaintiff's car.

Defendants object to plaintiff's introduction of such towing information pursuant to Fed.R.Evid. 402.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 14

Plaintiff seeks to introduce Randolph Police Department's email report to Fabiano Estrela.

Defendants object pursuant to Fed.R.Evid. 402 to this proposed submission on the grounds of vagueness and presumed irrelevance.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 17

Plaintiff seeks to introduce each police incident report and all variations thereof produced in this case.

Defendants object pursuant to Fed.R.Evid. 801 on the grounds that the reports contain hearsay. See Gencarella v. Fyfe, 171 F.2d 419, 421-423 (1948); United States v. Bardaro, 369 F.Supp. 1302, 1304-1305 n.7 (1974).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 18

Plaintiff seeks to introduce each booking report and all variations thereof produced in this case.

Defendants object pursuant to Fed.R.Evid. 801 on the grounds that the reports contain hearsay. See Gencarella v. Fyfe, 171 F.2d 419, 421-423 (1948); United States v. Bardaro, 369 F.Supp. 1302, 1304-1305 n.7 (1974).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 19

Plaintiff seeks to introduce each individual police officer's report and all variation produced thereof in this case.

Defendants object pursuant to Fed.R.Evid. 801 on the grounds that the reports contain hearsay.  See Gencarella v. Fyfe, 171 F.2d 419, 421-423 (1948); United States v. Bardaro, 369 F.Supp. 1302, 1304-1305 n.7 (1974).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 20

Plaintiff seeks to introduce the Randolph Police Department Log Q sheets produced in connection with the incidents giving rise to the claims to be decided in this matter.

Defendants object pursuant to Fed.R.Evid. 801 on the grounds that the reports contain hearsay.  See Gencarella v. Fyfe, 171 F.2d 419, 421-423 (1948); United States v. Bardaro, 369 F.Supp. 1302, 1304-1305 n.7 (1974).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 21

Plaintiff seeks to introduce documentation regarding other claims and lawsuits against the Town of Randolph for conduct similar to the alleged unlawful conduct of the officers in this matter.

Defendants object to plaintiff's introduction of documentation regarding other claims and lawsuits against the Town of Randolph pursuant to Fed.R.Evid. 402.  The plaintiff has not made a Monell-style custom and policy claim but has instead alleged that the Town was negligent in its supervision and training only of the defendant officers, whose conduct has not given rise to prior claims or lawsuits.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 26

Plaintiff seeks to introduce the entire personnel file of Officer Stephen Morse.

Defendants object to the introduction of each of a) the Health Record log entry dated June 24, 1992 describing an event which occurred in the course of Morse's service in the United States Navy which resulted in his being "written up"; b) the reference to such event and discipline in the Psychological Evaluation prepared by Mark S. Schaefer, Ph.D. dated April 11 and April 25, 1996, and c) any other item included in personnel file of Stephen Morse which refers to such event and discipline.  Defendants object to these items pursuant to Fed.R.Evid. 403 and 404 on the grounds that the event which formed the basis of the punishment occurred approximately ten years prior to the date at issue. The defendants further object to the introduction of these references to the outdated disciplinary action on the basis that these items would constitute improper propensity evidence likely to impermissibly persuade jurors to infer Morse's liability. Furthermore, defendants object pursuant to Fed.R.Evid. 801 on the grounds that these items contain hearsay.  See Gencarella v. Fyfe, 171 F.2d 419, 421-423 (1948); United States v. Bardaro, 369 F.Supp. 1302, 1304-1305 n.7 (1974).

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 27

Plaintiff seeks to introduce Officer Estrela's work detail schedule and pay records from January 1, 2000 through April 30, 2001.

Defendants object to this proposed submission pursuant to Fed.R.Evid. 402 on the grounds that the detail schedule and pay records are irrelevant to any claim to be decided in this matter.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 29

Plaintiff seeks to introduce a NCPS Credit Report and letter.

Defendants object pursuant to Fed.R.Evid. 402 to introduction of the report and letter on the grounds that the reference to such items is vague, not properly authenticated and presumptively irrelevant to any claim to be decided in this matter.

DEFENDANTS' OBJECTION TO PLAINTIFF'S DISCLOSURE (C) 30

Plaintiff seeks to introduce the bill(s) for professional services provided by Attorney Camera.

Defendants object on the grounds that the bill(s) have not been properly certified and plaintiff has not set forth any proof that the amounts identified in the bill(s) are reasonable.

EVIDENCE WHICH THE PLAINTIFF ASSERTS HE MAY OFFER

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 1

Plaintiff seeks to introduce the Randolph Police Department Summary Action Code list by number.

Defendants object pursuant to Fed.R.Evid. 402 to introduction of the codes on the grounds that it is irrelevant to any claim to be decided in this matter.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 2

Plaintiff seeks to introduce the Internal Affairs Investigation Report and Supporting Documents for Complaint of Lincoln E. Russell against officers.

Defendants object to plaintiff's introduction of the Internal Affairs Investigation Report dated April 16, 1997 and Supporting Documents for the Complaint of Lincoln E. Russell against Officer Morse pursuant to Fed.R.Evid. 403 and 404 on the grounds that such items would constitute improper propensity evidence, intended to persuade jurors to improperly infer Mr. Morse's liability on certain claims brought against him in this

matter. Defendants also object to the introduction of such Report and Supporting Documents on the grounds that these items would be irrelevant and misleading given that Internal Affairs Officer Lieutenant Dale Williams, the author of the Report, classified the Complaint as "Unfounded" and concluded that the conduct alleged to have been perpetrated by the officers (including Stephen Morse) in the Complaint "did not occur."

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 7

Plaintiff seeks to introduce Stephen Morse's Response to Plaintiff's First Request for Production of Documents.

Defendants object on the grounds that this item is a blanket submission that is not permitted under the Federal Rules of Evidence.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 8

Plaintiff seeks to introduce Fabiano Estrela's Response to Plaintiff's First Request for Production of Documents.

Defendants object on the grounds that this item is a blanket submission that is not permitted under the Federal Rules of Evidence.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 9

Plaintiff seeks to introduce the Town of Randolph's Response to Plaintiff's First Request for Production of Documents.

Defendants object on the grounds that this item is a blanket submission that is not permitted under the Federal Rules of Evidence.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 13

Plaintiff seeks to introduce the Town of Randolph's Supplemental Response to Plaintiff's First Request for Production of Documents dated August 10, 2004.

Defendants object on the grounds that this item is a blanket submission that is not permitted under the Federal Rules of Evidence.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 14

Plaintiff seeks to introduce the Town of Randolph's Supplemental Response to Plaintiff's First Request for Production of Documents dated September 23, 2004.

Defendants object on the grounds that this item is a blanket submission that is not permitted under the Federal Rules of Evidence.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 15

Plaintiff seeks to introduce Fabiano Estrela's diagram of Copa Grande Nightclub area drawn during his deposition.

Defendants object pursuant to Fed.R.Evid 801(c) on hearsay grounds and pursuant to Fed.R.Evid. 403 on the grounds that the drawing is unreliable, not drawn to scale and potentially misleading and not prepared by a qualified drafter.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 16

Plaintiff seeks to introduce Scott Seto's diagram of Copa Grande Nightclub area drawn during his deposition.

Defendants object pursuant to Fed.R.Evid 801(c) on hearsay grounds and pursuant to Fed.R.Evid. 403 on the grounds that the drawing is unreliable, not drawn to scale and potentially misleading and not prepared by a qualified drafter.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 17

Plaintiff seeks to introduce Stephen Morse's diagram of the area of arrest drawn during his deposition.

Defendants object pursuant to Fed.R.Evid 801(c) on hearsay grounds and pursuant to Fed.R.Evid. 403 on the grounds that the drawing is unreliable, not drawn to scale and potentially misleading and not prepared by a qualified drafter.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 18

Plaintiff seeks to introduce the entire Randolph Police Department file regarding his arrest for Assault and Battery with a Dangerous Weapon.

Defendants object pursuant to Fed.R.Evid. 402 on the grounds that this file and its entire contents is irrelevant to any claim to be decided in this matter and pursuant to Fed.R.Evid. 801 as hearsay.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 19

Plaintiff seeks to introduce the entire file Randolph Police Department file regarding his arrest for Operating Under the Influence and Operating to Endanger.

Defendants object pursuant to Fed.R.Evid. 402 on the grounds that this file and its entire contents is irrelevant to any claim to be decided in this matter and pursuant to Fed.R.Evid. 801 as hearsay.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 20

Plaintiff seeks to introduce various section excerpts and section of the Randolph Police Department Policy and Procedure Manual.

Defendants object pursuant to Fed.R.Evid. 403 to plaintiff's introduction of any excerpt from the Randolph Police Department Policy and Procedure Manual in lieu of the introduction of the Manual in its entirety on the grounds that the introduction of certain excerpts, at the exclusion of others, would draw misleading and improper emphasis on irrelevant provisions and sections thereof.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 21

Plaintiff seeks to introduce various section excerpts and section of the Randolph Police Department Rules and Regulations Manual.

Defendants object pursuant to Fed.R.Evid. 403 to plaintiff's introduction of any excerpt from the Randolph Police Department Rules and Regulations Manual in lieu of the introduction of the Manual in its entirety on the grounds that the introduction of certain excerpts, at the exclusion of others, would draw misleading and improper emphasis on irrelevant provisions and sections thereof.

DEFENDANTS' OBJECTION TO POTENTIAL DISCLOSURE 22

Defendants object to plaintiff's introduction of the transcripts of and exhibits used in the respective depositions of Ermann Sully, Fabiano Estrela, Stephen Morse, Paul Porter, Bony Mike Alexis, Rose Etienne, Edward O'Leary, Kevin Connor, Scott Seto, and Stephen Mahoney except to the extent permitted under Fed.R.Civ.P. 32. With respect to the exhibits used in the respective depositions of each of the aforementioned deponents, defendants object pursuant to Fed.R.Evid. 801 on hearsay grounds and pursuant to Fed.R.Evid. 403 on grounds that such materials are inherently unreliable and misleading.

DEFENDANTS
By their attorneys,

s. Joseph L. Tehan, Jr.

Joseph L. Tehan, Jr. (BBO# 494020)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

241160/METG/0381