UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

ERMANN SULLY,

                    Plaintiff

v.

FABIANO ESTRELA, STEPHEN MORSE and
TOWN OF RANDOLPH,

                    Defendants

DEFENDANTS' PRE-TRIAL MEMORANDUM

1.    DEFENDANTS' CONCISE SUMMARY OF THE EVIDENCE

The defendants expect to introduce evidence establishing that plaintiff's arrests by

Randolph police officers Fabiano Estrela and Stephen Morse in the early morning hours of

April 21, 2001, for assault and battery with a dangerous weapon and operating a motor vehicle

under the influence and so as to endanger, respectively, were supported by the requisite probable

cause and effected without excessive force or collusion.

The defendants further expect the evidence to demonstrate that both arresting officers

were capable and well-trained, and that the Randolph police department had not received any

complaints alleging false arrest or excessive force against either officer prior to the events at

issue.

Specifically, the evidence shall establish that on April 20-21, 2001, officer Estrela

worked a paid detail from 10:00 P.M. to 2:00 A.M. at the Copa Grande nightclub in Randolph at

an event known as Caribbean or Haitian night, which was promoted by one Bony Mike Alexis.

Additional civilian security was provided in-house, as directed by Stephen Mahoney and by

F.B.S. Security, owned by Scott Seto, a Brookline police officer who was also personally present.

At some point between approximately 11:30 – 12:00, officer Estrela witnessed an argument between plaintiff and a female, which he broke up. At some later point, plaintiff became involved in separate arguments with Seto, who observed plaintiff to be intoxicated, and Alexis. Estrela also witnessed a disturbance on the dance floor in which plaintiff attempted to punch another male.

Estrela took plaintiff, who was visibly upset, outside the club, pending an investigation of what had transpired. Alexis then told Seto, Mahoney and Estrela that plaintiff had punched and kicked him. Mahoney also relayed this information to Estrela. Upon this information, Estrela determined to arrest plaintiff for assault and battery with a dangerous weapon (shod foot).

Plaintiff reacted violently to Estrela's notice of arrest and failed to cooperate with handcuffing. Estrela employed a take-down technique to bring plaintiff to the ground without injury, handcuffed him and placed him in a cruiser for transportation to the police station by another officer.

At booking, plaintiff was non-cooperative and appeared intoxicated. He was placed in a detention cell, where he slept for approximately two hours, until he was bailed and released to a female companion, Rose Etiene. At time of release, plaintiff still appeared intoxicated to the officer in charge, Lt. Connor, who therefore made a radio transmission that plaintiff was intoxicated and might attempt to drive a vehicle from the Copa Grande parking lot and should not be permitted to do so, due to his state. At that time, Connor did not know whether plaintiff in fact had a car with him.

Officer Morse responded to the Copa Grande parking lot as a result of this transmission. He intended to engage plaintiff prior to his attempting to drive, if in fact that proved to be his intention, in order to assess his sobriety and if appropriate, to direct him not to drive. Plaintiff drove off, however, before Morse could do so.

Morse thereafter followed plaintiff's vehicle, noting it to be proceeding in an erratic manner. He thereafter pulled plaintiff over and administered field sobriety tests, consistent with his training and certification, which plaintiff failed. Morse therefore arrested plaintiff, without use of force, and notified him of his right to take a breathalyzer, which he refused. The booking officer for the second arrest noted that plaintiff appeared intoxicated at that time.

The evidence overall will show that each arrest was justified as an independent event, and that there was no collusion or attempt to "set-up" plaintiff for arrest, as alleged.

2.    <u>STATEMENT OF THE AGREED FACTS</u>

   a.  The address of the Randolph Police Station is 41A South Main Street, Randolph, Norfolk County, Commonwealth of Massachusetts.

   b.  At all times relevant to the events, Fabiano Estrela ("Estrela") was employed by the Town of Randolph as a police officer.

   c.  At all times relevant to the events, Stephen Morse ("Morse") was employed by the Town of Randolph as a police officer.

   d.  Ermann Sully ("Sully") was a patron at the Copa Grande Nightclub on April 21, 2001.

   e.  Estrela was working a paid detail at the Copa Grande Nightclub on April 21, 2001.

   f.  Estrela placed Sully under arrest for assault and battery with a dangerous weapon.

   g.  At the Randolph Police Station, Sully was booked for Assault and Battery and Assault and Battery with a Dangerous Weapon, a shod foot, on Bony Alexis.

   h.  Plaintiff was released from police custody after posting bail on April 21, 2001.

   i.  Sully was driven back to the Copa Grande Nightclub by Rose Etienne.

3

j.    Sully entered a vehicle and exited the parking lot of the Copa Grande Nightclub.

k.    Sully was subsequently stopped and arrested by Officer Morse for Operating Under the Influence of Liquor and Operating to Endanger.

l.    Sully was again transported to the Randolph Police Station.

m.    Sully was found not guilty after a bench trial of Operating Under the Influence, the Commonwealth of Massachusetts v. Ermann Sully, Quincy District Court, Docket No. 0156CR002221 (OUI/OTE).

3.    <u>DEFENDANTS' CONTESTED ISSUES OF FACT</u>

a.    Whether plaintiff's arrests were racially motivated.

b.    Whether probable cause existed for Estrela's arrest of plaintiff for assault and

battery with a dangerous weapon and assault and battery.

c.    Whether Estrela used reasonable force to effectuate the arrest of the plaintiff.

d.    Whether probable cause existed for Morse's arrest of plaintiff for operating under

the influence and operating to endanger.

e.    Whether Estrela utilized threats, intimidation and coercion in his arrest of

plaintiff.

f.    Whether Morse utilized threats, intimidation and coercion in his arrest of plaintiff.

g.    Whether Estrela utilized criminal process without probable cause and for an

improper ulterior motive.

h.    Whether Estrela engaged in an unprivileged touching of the person of the

plaintiff.

i.    Whether Estrela negligently inflicted emotional distress upon the plaintiff.

j.    Whether Estrela intentionally inflicted severe emotional distress upon the

plaintiff.

4

k.      Whether Morse utilized criminal process without probable cause for an improper ulterior purpose.

l.      Whether Morse negligently inflicted emotional distress upon the plaintiff.

m.      Whether Morse intentionally inflicted severe emotional distress upon the plaintiff.

n.      Whether Estrela negligently arrested plaintiff.

o.      Whether Morse negligently arrested plaintiff.

p.      Whether plaintiff was contributorily negligent during his arrests.

q.      Whether Town of Randolph negligently trained and supervised Estrela and Morse.

r.      Whether plaintiff sustained damages as a result of defendants' conduct.

s.      The amount of plaintiff's damages, if any.

4.      <u>JURISDICTIONAL QUESTIONS</u>

Whether the plaintiff, pursuant to G.L. c. 258, §4, adequately notified the Town of Randolph that it may be subject to a claim of negligent training and supervision of Officer Estrela and Officer Morse as a result of the incidents that give rise to this action.

5.      <u>QUESTIONS RAISED BY PENDING MOTIONS</u>

a.      Defendants expect to file a motion to bifurcate the trial of the underlying claims against the arresting officers from the negligent training and supervision claims against the Town, in furtherance of judicial economy and to prevent introduction of prejudicial propensity evidence pursuant to Fed.R.Evid.403.

b.      Defendants expect to file a motion *in limine* to preclude any evidence or argument made by the plaintiff for a violation of his Fifth Amendment substantive due process rights as a result of his arrests, as such claim is legally untenable.

c.      Defendants expect to file a motion *in limine* to preclude any evidence or argument in support of Counts VII and XII (intentional infliction of emotional distress), as such claim is not legally tenable.

d.      Defendants expect to file a motion *in limine* to permit introduction of plaintiff's prior and subsequent arrests, as relevant to his claim for emotional distress damages arising out of his arrests at issue.

e.      Defendants expects to file a motion *in limine* to permit introduction of plaintiff's extramarital affairs, as both relevant to his emotional distress claim and as a basis for his resisting Estrela's arrest.

6.   ISSUES OF LAW

a.      Whether plaintiff's c. 258, § 4 claim letter provided adequate notice of a failure to train and supervise claim against the Town.

b.      Whether plaintiff's arrests satisfy the elements of an intentional infliction of emotional distress claim.

7.   REQUESTED AMENDMENTS TO THE PLEADINGS

None.

8.   ADDITIONAL AIDS TO THE DISPOSITION OF THE MATTER

The case has been referred to mediation pursuant to L.R. 16.4.  The mediation is scheduled for January 31, 2005.

9.   PROBABLE LENGTH OF TRIAL

6-7 half days.

10.   DEFENDANTS' LIST OF NAMES AND ADDRESSES OF WITNESSES

The defendants intend to call the following witnesses at trial

1.      Fabiano Estrela
        Randolph Police Department
        41 South Main Street
        Randolph, MA 02368
        (781) 963-1212

2.      Stephen Morse
        Randolph Police Department
        41 South Main Street
        Randolph, MA 02368
        (781) 963-1212

3.      Paul Porter
        Randolph Police Department
        41 South Main Street
        Randolph, MA 02368
        (781) 963-1212

4.      Kevin Connor
        Randolph Police Department
        41 South Main Street
        Randolph, MA 02368
        (781) 963-1212

5.      Marc Abramson
        Randolph Police Department
        41 South Main Street
        Randolph, MA 02368
        (781) 963-1212

6.      Scott Seto
        350 Washington Street
        Brookline, MA 02446
        (617) 548-6469

7.      Stephen Mahoney
        96 Meadow Drive,
        Raynham, MA
        (781) 389-4667

8.      Thomas Libby
        Randolph Police Department
        41 South Main Street
        Randolph, MA 02368
        (781) 963-1212

The defendants may call the following witnesses if the need arises:

      1.      Dominic Fasoli
              Randolph Police Department
              41 South Main Street
              Randolph, MA 02368
              (781) 963-1212

      2.      John Sullivan
              Randolph Police Department
              41 South Main Street
              Randolph, MA 02368
              (781) 963-1212

      3.      Edward O'Leary
              Randolph Police Department
              41 South Main Street
              Randolph, MA 02368
              (781) 963-1212

      4.      James J. Foley
              Quincy District Court
              Quincy, MA 02169

11.    <u>DEFENDANTS' PROPOSED EXHIBITS</u>

    1.    Officer Estrela's training history;

    2.    Relevant portions of Officer Estrela's personnel file;

    3.    Officer Morse's training history;

    4.    Relevant portions of Officer Morse's personnel file;

    5.    Plaintiff's Booking Photos;

    6.    Defendant, Stephen Morse's Answers to Plaintiff's First Set of Interrogatories as allowed by the Fed.R.Civ.P. and F.R.E.;

    7.    Defendant, Fabiano Estrela's Answers to Plaintiff's First Set of Interrogatories as allowed by the Fed.R.Civ.P. and F.R.E.;

8.      Defendant, Town of Randolph's Answers to Plaintiff's First Set of Interrogatories as allowed by the Fed.R.Civ.P. and F.R.E.;

9.      Defendant, Stephen Morse's Supplemental and Corrected Answers to Plaintiff's First Set of Interrogatories as allowed by the Fed.R.Civ.P. and F.R.E.;

10.     Defendant, Fabiano Estrela's Supplemental and Corrected Answers to Plaintiff's First Set of Interrogatories as allowed by the Fed.R.Civ.P. and F.R.E.;

11.     Defendant, Town of Randolph's Supplemental Answers to Plaintiff's First Set of Interrogatories as allowed by the Fed.R.Civ.P. and F.R.E.;

12.     Plaintiff's Answers to Defendant's First Set of Interrogatories as allowed by the Fed.R.Civ.P. and F.R.E.;

13.     Plaintiff's Supplemental Answers to Defendant's First Set of Interrogatories as allowed by the Fed.R.Civ.P. and F.R.E.;

14.     Randolph Police Department Policy and Procedure Manual;

15.     Randolph Police Department Rules and Regulations Manual.

DEFENDANTS,

By their attorneys,


 /s/ Jeffrey T. Blake
Joseph L. Tehan, Jr. (BBO# 494020)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007


241523/METG/0381