UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

| | |
|---|---|
| ERMANN SULLY,<br><br>                    Plaintiff<br><br>v.<br><br>FABIANO ESTRELA, STEPHEN MORSE and TOWN OF RANDOLPH,<br><br>                    Defendants | DEFENDANTS MOTION TO BIFURCATE TRIAL |

Now come the defendants and hereby request this Court, in the interests of avoiding undue prejudice, convenience, and judicial economy, to order a separate trial of the claim against the Town of Randolph under G.L. c. 258, the Massachusetts Tort Claims Act ("MTCA") in the above captioned matter. As reasons therefor, the defendants state that the admission of evidence relevant only to the negligent training claims against municipal defendants creates a significant danger of undue prejudice to individuals officers in this matter. Additionally, for sake of economy and expedition, since a finding in the police officer defendant's favor would render the claim against the municipality unnecessary, the claim against the municipality should be bifurcated from the trial of the individual officers. For further reasons therefor, the defendants state the following.

Rule 42(b) of the Federal Rules of Civil Procedure provides:

(b) Separate Trials. The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

The trial court retains broad discretion in making determinations on Rule 42 (b) motions. Gonzalez-Marin v. Equitable Life Assur. Soc'y, 845 F.2d 1140, 1145 (1st Cir. 1988); Warner v. Rossignol, 513 F.2d 678, 684 (1st Cir. 1975).

Many courts have recognized the danger of undue prejudice to individuals that could result from the admission of evidence relevant only to "practice or policy" or negligent training claims against municipalities. Daniels v. Loizzo, 178 F.R.D. 46, 48 (S.D.N.Y. 1998). Courts have likewise acknowledged that bifurcation under circumstances similar to those involved in this matter is necessary in the interests of expedition and economy (quoting Dawson v. Prince George's County, 896 F. Supp. 537, 540 (D. Md. 1995) (finding that a separate trial of a police officer was necessary for the sake of economy and expedition, since a finding in the police officer defendant's favor would have rendered the claim against the County unnecessary) and Ricciuti v. New York City Transit Authority, 796 F. Supp. 84, 86 (S.D.N.Y. 1992).

In this matter, the relevant evidence of a claim for negligent training and supervision is evidence of prior claims or complaints against the individual officers which would be inadmissible against the individual officers as improper propensity evidence. Therefore, there is an inherent and unacceptable conflict in proving the claim against the municipality and the individual officers in this matter. Accordingly, in the interest of justice and economy and to prevent any undue prejudice to the individual officers, this Court should bifurcate the trial of the plaintiff's claims separating the claims against the individual officers from the claim of negligent training and supervision against the municipality.

DEFENDANTS
By their attorneys,


 /s/ Jeffrey T. Blake
Joseph L. Tehan, Jr. (BBO# 494020)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

241727/METG/0381