UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

| | |
|---|---|
| ERMANN SULLY,<br><br>                Plaintiff<br>v.<br><br>FABIANO ESTRELA, STEPHEN MORSE and TOWN OF RANDOLPH,<br><br>                Defendants | DEFENDANTS MOTION TO ALLOW INTRODUCTION OF EVIDENCE OF PLAINTIFF'S PRIOR ARREST AND SUBSEQUENT ARRESTS |

      Now come the defendants in the above captioned matter and hereby request this Court to allow the introduction, at the time of trial, of evidence of plaintiff's prior and subsequent arrests. For reasons therefor, the defendants state that the plaintiff has alleged that as a result of his arrests by the defendant officers on April 21, 2001, he has suffered mental anguish and emotional distress. In order to evaluate the extent of the distress, the jury is entitled to know and the interests of justice dictate that the jury be informed that this incident is not the first time the plaintiff has been arrested but rather the 9th and 10th time. For further reasons therefor, the defendants state the following.

      Evidence of prior bad acts is admissible, pursuant to Fed.R.Evid. 404(b), when it satisfies a two-part inquiry by the trial court. The trial judge first determines whether the evidence has some "special" probative value showing intent, preparation, knowledge or absence of mistake[,] [this list is not exclusive]." See United States v. Flores Perez, 849 F.2d 1, 4 (1st Cir.1988) (quoting from United States v. Scelzo, 810 F.2d 2, 4 (1st Cir.1987)); United States v. Moccia, 681 F.2d 61, 63 (1st Cir.1982). This evidence must overcome the absolute bar of Fed.R.Evid. 404(b), excluding evidence which demonstrates only that the defendant has a bad character. See United States v. Ferrer-

Cruz, 899 F.2d 135, 137 (1st Cir.1990); United States v. Rubio-Estrada, 857 F.2d 845, 846-47 (1st Cir.1988).  Next, the judge balances the probative value of the evidence against the danger of unfair prejudice, pursuant to Fed.R.Evid. 403.  See United States v. Ferrer-Cruz, 899 F.2d at 138; United States v. Rubio-Estrada, 857 F.2d at 847; United States v. Scelzo, 810 F.2d at 4; United States v. Moccia, 681 F.2d at 63.

      Here, the plaintiff has alleged throughout the Complaint that as a result of his arrests by the defendants he has suffered mental anguish and emotional distress.  The defendants do not seek to introduce evidence of the plaintiff's prior arrests to demonstrate that he has a bad character but rather to evaluate the extent of his alleged mental anguish and emotional distress, particularly through the cross examination of plaintiff's psychological expert.  The number of other arrests of the plaintiff is highly probative of the issue of the alleged mental anguish and emotional distress the plaintiff suffered.  The defendants do not seek to introduce the exact nature of the plaintiff's prior arrests but merely evidence that the plaintiff has been arrested thus the danger of unfair prejudice to the plaintiff is eliminated.  Accordingly, this Court should allow evidence of the prior arrests as a means of evaluating the plaintiff's claimed mental anguish and emotional distress.

                                                   DEFENDANTS
                                                   By their attorneys,

                                            /s/ Jeffrey T. Blake
                                           Joseph L. Tehan, Jr. (BBO# 494020)
                                           Jeffrey T. Blake (BBO# 655773)
                                           Kopelman and Paige, P.C.
                                           31 St. James Avenue
                                           Boston, MA  02116
                                           (617) 556-0007

241704/METG/0381