UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

| | |
|---|---|
| ERMANN SULLY,<br><br>        Plaintiff<br>v.<br><br>FABIANO ESTRELA, STEPHEN MORSE and TOWN OF RANDOLPH,<br><br>        Defendants | DEFENDANTS MOTION TO ALLOW INTRODUCTION OF EVIDENCE OF PLAINTIFF'S EXTRAMARITAL AFFAIRS |

   Now come the defendants in the above captioned matter and hereby request that this Court allow the introduction, at the time of trial, particularly during cross examination of the plaintiff's psychological expert, of evidence that the plaintiff was carrying on two extra martial affairs at the time of his arrests and was, for a period of time, separated from his wife. For reasons therefor, the defendants state that the plaintiff's psychological expert has opined that the actions of the defendant officers caused Post Traumatic Stress Disorder ("PTSD") in the plaintiff. It is clear from the expert's report, submitted to the defendants pursuant to court order, that no other possible causes of the PTSD were explored by the expert. Specifically, the plaintiff's separation from his wife and the various extra marital affairs would have been a significant source of stress for the plaintiff during the relevant time period, which was apparently not disclosed to his expert.

   Additionally, it is plausible that the plaintiff's volatile behavior at the time of his arrest by Officer Estrela was due to being accompanied by one of his girlfriends and his fear of disclosure of the affair. For further reasons therefor, the defendants state the following.

Rule 403 provides for the exclusion of evidence "if its probative value is substantially outweighed by the danger of unfair prejudice...." Rule 404(b) states that "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith" which is not the defendants' intention. However, evidence of plaintiff's affairs is admissible so long as the following, two-part test is satisfied: First, in accordance with Rule 404(b), "the evidence must have special relevance to an issue in the case such as intent or knowledge, and must not include bad character or propensity as a necessary link in the inferential chain." United States v. Varoudakis, 233 F.3d 113, 118 (1st Cir.2000) (internal quotation marks and citation omitted); see Fed.R.Evid. 404(b). Second, consistent with Rule 403, the probative value of the evidence must not be "substantially outweighed by the danger of unfair prejudice." Varoudakis, 233 F.3d at 118; see Fed.R.Evid. 403. Evidence is unfairly prejudicial if it "invites the jury to render a verdict on an improper emotional basis." Varoudakis, 233 F.3d at 122 ("We are ... cautious when the prior act is a shocking or heinous crime likely to inflame the jury.") (internal quotation marks and citation omitted).

In this matter, the defendants are not introducing the evidence of extra marital affairs to demonstrate the plaintiff has a propensity for extra marital affairs or that the defendant is of bad character, but rather to impeach the plaintiff's expert and to undercut the diagnosis of PTSD rendered by that expert and as a plausible reason for plaintiff's volatile behavior at the time of his arrest by Officer Estrela. The evidence is very relevant since maintaining an extra marital affair is presumably stressful, and should have been explored by the expert in rendering his opinion  Additionally, since the defendants

sole purpose for introducing this evidence is impeachment of the plaintiff's expert, the jury is not likely to render a verdict on an improper emotional basis, particularly since no "shocking or heinous crime likely to inflame the jury" is at issue.

                                                             DEFENDANTS
By their attorneys,

/s/ Jeffrey T. Blake
Joseph L. Tehan, Jr. (BBO# 494020)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

241722/METG/0381