UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

| | |
|---|---|
| ERMANN SULLY,<br><br>             Plaintiff<br>v.<br><br>FABIANO ESTRELA, STEPHEN MORSE and TOWN OF RANDOLPH,<br><br>             Defendants | DEFENDANTS MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS |

Now come the defendants and hereby request this Court to exclude all evidence and argument of any claim for Intentional Infliction of Emotional Distress by the officers, in the above captioned matter, because as a matter of law the actions of the officers in carrying out their obligations as law enforcement officials are not utterly intolerable to a civilized community and thus do not rise to the level of extreme and outrageous. For further reasons therefor, the defendants state the following.

In order to prevail on his claim of intentional infliction of emotional distress, a plaintiff must prove "(1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress. To be considered extreme and outrageous, the defendant's conduct must be beyond all bounds of decency and ... utterly intolerable in a civilized community. Liability cannot be founded upon mere insults, threats, or annoyances." Sietins v. Joseph, 238 F.Supp.2d 366, 379 (D.Mass. 2003)(emphasis supplied); see also Howcroft v. City of Peabody, 51 Mass.App.Ct. 573, 596, 747 N.E.2d 729, 747 (2001) (quoting Cady v. Marcella, 49 Mass.App.Ct. 334, 340-341, 729 N.E.2d

1125, 1131 (2000) (internal citation and quotation omitted), review denied, 432 Mass. 1107, 737 N.E.2d 467 (2000)).  In the context of an arrest with warrant, this Court has found that "as a matter of law [the carrying out of obligations as law enforcement officials and their conduct] cannot be deemed extreme and outrageous. . . ."  Sietins v. Joseph, 238 F.Supp.2d 366, 379 (D.Mass. 2003); Sena v. Commonwealth, 417 Mass. 250, 264, 629 N.E.2d 986, 994 (1994) (quoting Agis v. Howard Johnson Co., 371 Mass. 140, 145, 355 N.E.2d 315, 319 (1976)).

     In this matter, plaintiff claims, in Counts VII and XIII that the conduct of the officers in effecting his arrest was extreme and outrageous thus resulting in the intentional infliction of emotional distress.  As the plaintiff has alleged, it is undisputed that the officers were merely making an arrest and acting in their official law enforcement capacity.  Thus, their conduct cannot be, as a matter of law, considered utterly intolerable in a civilized community and plaintiff's claim of intentional infliction of emotional distress must fail.  Sietins v. Joseph, 238 F.Supp.2d 366, 379 (D.Mass. 2003).

DEFENDANTS
By their attorneys,

 /s/ Jeffrey T. Blake
Joseph L. Tehan, Jr. (BBO# 494020)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

241686/METG/0381