UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. NO. 03-12298-WGY

| | |
|---|---|
| ERMANN SULLY, <br><br>          Plaintiff <br><br> v. <br><br> FABIANO ESTRELA, STEPHEN MORSE and TOWN OF RANDOLPH, <br><br>          Defendants | DEFENDANTS MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT OF VIOLATION OF 5TH AMENDMENT SUBSTANTIVE DUE PROCESS |

Now come the defendants and hereby request this Court to exclude all evidence and argument of a violation of the plaintiff's 5th Amendment substantive due process rights, in this matter, because it is clear that any constitutional violation alleged by the plaintiff arises from his arrest and thus must be analyzed under the 4th Amendment. For further reasons therefor, the defendants state the following.

"As a general matter, the [Supreme] Court has always been reluctant to expand the concept of substantive due process because the guideposts for responsible decisionmaking in this uncharted area are scarce and open-ended. The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." Albright v. Oliver, 510 U.S. 266, 271, 272 (1994)(internal quotations omitted). "Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Id. at 273 (internal quotations omitted). In the context of an arrest, the 4th Amendment provides the explicit textual source of constitutional protection and thus any claimed deprivation of a

constitutional right arising out of an arrest must be analyzed within that framework.  Id. at 274.

In this matter, the plaintiff has alleged a violation of his 5th Amendment rights in Count I, Count II, Count VII and Count XI of the Complaint.  It is undisputed that plaintiff's claims arise from his arrests by Officers Estrela and Morse.  Consequently, the plaintiff's due process claims must be analyzed under the 4th Amendment and thus any argument or evidence regarding a violation of his 5th Amendment substantive due process rights is improper.

DEFENDANTS
By their attorneys,


 /s/ Jeffrey T. Blake
Joseph L. Tehan, Jr. (BBO# 494020)
Jeffrey T. Blake (BBO# 655773)
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

241682/METG/0381